THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANGELO NATOLI, Respondent, against NEIL D. LEWIS, as Sheriff of CHENANGO COUNTY, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Argued January 7, 1942; decided March 5, 1942.

*John J. Bennett, Jr.*, Attorney-General (*Henry Epstein, Everett D. Mereness* and *Patrick H. Clune* of counsel), for appellants. A writ of habeas corpus cannot avail the respondent. (*People ex rel. Bailey* v. *McCann*, 222 App. Div. 465; *People ex rel. Johnson* v. *Kidney*, 185 App. Div. 769; *People ex rel. Carr* v. *Martin*, 286 N. Y. 27.) The appellate court was without power to direct relator's release on bail. (*People ex rel. Hubert* v. *Kaiser*, 150 App. Div. 915; *Matter of Donnelly*, 168 Misc. Rep. 308.)

*William J. Gordon* for respondent. The sole basis for the issuance of the parole warrant was the wrongful charge of robbery against relator. (*Matter of Lewis* v. *Carter*, 220 N. Y. 8.) The court has the power to review the issuance of a warrant by the board of parole. (*Coffin* v. *United States*, 156 U. S. 432; *People* v. *Dillon*, 197 N. Y. 254; *People ex rel. Perkins* v. *Moss*, 187 N. Y. 410; *People ex rel. Conway* v. *Warden*, 180 App. Div. 336; *McKelvey* v. *Marsh*, 63 App. Div. 396; *People ex rel. Stabile* v. *Warden*, 202 N. Y.

138.) The Appellate Division had the power to fix bail and to direct relator's release on bail. (*Matter of Donnelly,* 168 Misc. Rep. 308; *People ex rel. Meeker* v. *Baker,* 139 App. Div. 471; *People ex rel. LeCarta* v. *Warden,* 118 Misc. Rep. 109.)

CONWAY, J. On the face of the facts disclosed by this proceeding, the applicable rules of law seem potentially harsh but are, nevertheless, so clear that they must be followed. The facts are these: In May of 1932 the relator was convicted of the crime of burglary in the third degree and was sentenced to Elmira Reformatory. The maximum term of imprisonment possible under that conviction was ten years. He was paroled in December, 1933, and continued to be on parole until August, 1940, when he was arrested, and subsequently indicted, for the crime of robbery in the first degree. Three months later a jury in the County Court of Chenango County rendered a verdict of not guilty upon his trial on the indictment.

In the meantime, and on the day following relator's arrest, a warrant was issued for his retaking as a paroled prisoner by a member of the Board of Parole and was delivered to the Sheriff of Chenango county.

The warrant recited that the member of the Board of Parole had " reasonable cause to believe that Angelo Natoli, a prisoner of the State of New York, conditionally paroled from Elmira Reformatory and now in the *legal custody of the Warden or Superintendent* thereof, has violated his parole and has lapsed *or is probably about to lapse,* into criminal ways or company   *   *   * " and ordered that the prisoner be retaken and returned to Elmira Reformatory and into the *actual* custody of the warden or superintendent.

The warrant was issued under the following circumstances: The Chief of Police of Norwich, N. Y., telephoned an employee of the Parole Board in Binghamton, N. Y., and told him that the relator was being held on an information charging robbery in the first degree. The employee telephoned that fact to a member of the Board of Parole in Buffalo, N. Y., who signed and issued the warrant.

After the acquittal of relator, the present proceeding was instituted to obtain his release. No formal return to the writ was filed, the facts being undisputed, and the matter was heard summarily by consent upon those undisputed facts. The question presented to us involves the question of the power of the member of the Parole Board to issue the warrant.

It was issued pursuant to the provisions of Correction Law (Cons. Laws, ch. 43), section 216, which is mentioned therein. That section reads as follows:

" Violation of parole. If the parole officer having charge of a paroled prisoner shall have reasonable cause to believe that such prisoner has lapsed, or is probably about to lapse, into criminal ways or company, or has violated the conditions of his parole in an important respect, such parole officer shall report such fact to a member of the board of parole who thereupon shall issue a warrant for the retaking of such prisoner and his return to the designated prison or the Elmira Reformatory."

Clearly the arrest or indictment of a paroled prisoner may constitute reasonable cause in the mind of a parole officer having charge of a paroled prisoner for belief that he has lapsed or is probably about to lapse into criminal ways or company and if such attitude of mind causes him to report such belief to a member of the Board of Parole there is no discretion vested in the latter by the statute but he must issue a warrant for the retaking of the prisoner. Certainly the average man would say that arrest upon such a serious charge as robbery in the first degree demonstrated reasonable cause. Jurisdiction once obtained cannot be lost by reason of a subsequent finding of a jury that guilt of the crime charged had not been established beyond a reasonable doubt. We cannot go behind the parole warrant, in considering this question of power, to determine whether the arrest on that charge should have constituted reasonable cause in the mind of the parole officer.

To appreciate the reason for the statutory provisions it must be borne in mind that the relator was a prisoner from

the date of his conviction until the date of his arrest in 1940 for robbery. He was always in the legal custody of the superintendent of Elmira Reformatory. (Correction Law, § 213.) True it is that he was not always within the institution walls, for during his parole he was permitted to go abroad. Nevertheless he was always in constructive custody subject to be retaken and returned to actual custody. (*People ex rel. Cecere* v. *Jennings*, 250 N. Y. 239.) He was panoplied with a presumption of innocence as to the robbery charge but not as to the burglary charge for which he had been convicted and upon which his sentence had not expired.

We conclude, therefore, that the power to issue the warrant existed and that as a prisoner the relator might be returned on that warrant to the actual custody of the superintendent of Elmira Reformatory subject to the consideration of his case by a parole court as provided in Correction Law, section 218. That does not constitute a second jeopardy for the crime of robbery. The confinement is on the sentence for burglary. We must assume that the parole court will act promptly and justly upon the facts presented.

The order of the Appellate Division sustaining the writ of habeas corpus should be reversed and the order of Special Term dismissing such writ and remanding the relator to custody affirmed.

The appeal from the order of the Appellate Division fixing bail should be dismissed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur.

Ordered accordingly.