Charles A. Loreto, J.
Upon an interim opinion, this habeas corpus hearing was resumed in order to permit the parties to offer further argument and any proof they desired.
When the hearing was resumed, no proof was adduced by either party. The petitioner’s attorney chose to rest on his prior argument and his further argument. In effect he contended that petitioner’s release on bail posted for the Federal offense granted him a vested right to be free which has been infringed by the action of the State parole officers; that his *718 retaking and confinement on the charge of violation of State parole is in contravention of his constitutional right against suffering double jeopardy in that his punishment by the State was thereby increased, and that the New York Correction Law insofar as it permits a retaking under the facts of this case is unconstitutional. Exception was also taken by petitioner’s attorney to the court’s observation that the burden was upon him to prove that State arrest was based upon knowledge of a Federal illegal search and seizure. This position he premised upon the petitioner’s presumed innocence of the Federal charge and his privilege not to be required to incriminate himself.
Petitioner’s attorney relies upon the doctrine of Federal supremacy and the right of an accused to bail before conviction, citing Stack v. Boyle (342 U. S. 1). There can be no disagreement with these fundamental propositions. Petitioner was rightly released on bail posted by him for the Federal offense pending trial on that charge. But the contention that he is entitled to release by the State is quite a different matter. His posture and status with the State is not that of the pretrial accused. He is one who had been accused of crime, convicted and sentenced after trial by the State. While serving that sentence he was released on parole as is permitted by section 213 of the New York Correction Law. That section provides: “ If the board of parole shall so determine, such prisoner shall be allowed to go upon parole outside of prison walls and inclosure upon such terms and conditions as the board shall prescribe, but to remain while thus on parole in the legal custody of the warden of the prison from which he is paroled, until the expiration of the maximum term specified in his sentence.” Parole is not a right conferred to a prisoner. Probation is an act of grace (Escoe v. Zerbst, 295 U. S. 490, 492). The prisoner does not have a right to parole (Matter of Varner, 166 Ohio St. 340). It is a privilege accorded to him, and which may be withdrawn, within the absolute and unreviewable discretion of the Parole Board. The privilege permits him to go without the confines of the institution. However, the statute declares that the parolee while paroled remains in the legal custody of the Warden of the prison until the expiration of the term of his sentence. He was panoplied with the presumption of innocence as to the Federal charge but not as to the State offense for which he had been convicted and upon which his sentence had not expired (People ex rel. Natoli v. Lewis, 287 N. Y. 478, 482). The same presumption of innocence that was applicable to the State crime prior to his conviction, was obliterated upon his conviction.
*719 When he was arrested on the Federal charge he was subject to the unexpired sentence imposed on the State conviction. He was required to serve it in full in prison, except for the provisional privilege to go outside the prison walls during the unexpired period of his sentence. He had not received an executive commutation or pardon. The parole officer rescinded the provisional privilege when he believed that the parolee had lapsed in his conduct. This power he exercised by virtue of section 216 of the New York Correction Law. The court fails to discern any unconstitutionality in this statute or in its application in this case.
The arrest of the parolee while he enjoyed the privilege of going outside the prison walls, was ample basis upon which the parole officer acted. That no Parole Board issued the warrant for his retaking making it retroactive to the date of his retaking is an inconsequential point in this proceeding.
The challenge made here as to the illegality of the Federal arrest is an empty one. Not a scintilla of evidence was offered tending to sustain or indicate any merit to the claim. It is argued that since petitioner was not provided with immunity from Federal prosecution and could not be given the privilege against self incrimination, he should not have been required to testify to establish the illegality of that arrest. But this is a predicament of his own making. His attorney made this argument as to immunity against self incrimination. The court did not ask the petitioner to testify. If there were any merit to the argument, and evidence were available through other lips and sources, it might have been offered in support of the argument for whatever validity it might have here.
However, even if the parole officers relied solely upon information of his arrest, the arrest having been made by authorized officers of the law, surely that standing alone was enough to justify their belief that the petitioner had lapsed in his ways and should forfeit the privilege of going outside the confines of the jail. That information was not used or to be used in order to obtain his conviction of a crime but solely to rescind the privilege that had been accorded him.
Whether the Federal arrest was or was not bottomed upon an illegal search and seizure is of no moment in this proceeding. For the information of that arrest imparted to the parole officers was not used or to be used by them to convict him of a crime, but merely to recall a privilege. No constitutional right of the petitioner was invaded by the action of the Parole Board (cf. People ex rel. Oddo v. Fay, 16 A D 2d 932, affd. 13 N Y 2d 762). The writ is dismissed on the merits.