Fuld, J. (dissenting).
If the search of the defendant’s apartment leading to the seizure , of narcotics is to be justified, it must be on,the;ground either; (1) that a parolee has no:-tight to the protection of the Fourth Amendment’s prohibition against pnrea.i-5pn.able . searches or (2) , that the search was incident to the defendant’s arrest for violating his parole by. consorting with a known ¡criminal.. I do not believe that it may be sanctioned on either ground. ¡ ¡.v ¡;
Although in a; pertain sense; and for certain purposes, a paroled convict is regarded ,as still being “ a prisoner ” and *528 “in legal custody” (see People ex rel. Natoli v. Lewis, 287 N. Y. 478, 481-482; Anderson v. Corall, 263 U. S. 193, 196), I cannot believe that one’s status as a parolee deprives him of all right to the protection of the Fourth Amendment. The beneficent purposes sought to be served by parole would, to a large extent, be destroyed if a parolee’s home could be searched at any time, without probable or reasonable grounds, on the theory that the parolee is living in an enlarged prison cell. And, certainly, the simple blanket permission which a convict, as a condition to obtaining parole, gives the Parole Officer to ‘ ‘ visit ’ ’ him at his residence or place of employment may not be read as a waiver of constitutional guarantees or a consent to conduct a general, exploratory search of these places whenever the officer pleases.
The rule which allows a contemporaneous search, without a search warrant, as incidental to a person’s lawful arrest is justified by the need to seize weapons or the fruits of, or the. implements used to commit, the crime or violation involved. (See, e.g., Preston v. United States, 376 U. S. 364, 367.) In the present case, the Parole Officer was unquestionably empowered to arrest the defendant for a parole violation — indeed, the defendant admitted the violation—but I doubt that the consequent 2%-hour search of his apartment can be considered “ incident ” to an arrest based on a charge of consorting with a known criminal. (Cf. Preston v. United States, 376 U. S. 364, 368, supra; Abel v. United States, 362 U. S. 217, 236.) In point of fact, it seems likely that, in the present case, the parole warrant was issued not to authorize the defendant’s arrest but, quite improperly I suggest, for the purpose of gathering evidence in a criminal case. (Cf. Abel v. United States, 362 U. S. 217, 226, supra.)
It is my opinion, therefore, that the search of the defendant’s apartment was “ unreasonable ” by constitutional standards, that the evidence uncovered thereby was illegally obtained and that the motion to suppress its use should have been granted. The judgment of conviction should be reversed.
Judgment affirmed.