**In the Matter of the Application of Carmine LOMBARDI, Plaintiff,**

v.

**Paul J. REGAN (Chairman of the Parole Board) et al., Defendants.**

**No. 71 Civ. 3570.**

United States District Court,
S. D. New York.

April 4, 1972.

5. Va. Code Section 54–516.

Carmine Lombardi, pro se.

Louis J. Lefkowitz, Atty. Gen., State of New York, for defendants by Irving L. Rollins, New York City, of counsel.

GURFEIN, District Judge.

Carmine Lombardi, the plaintiff, received a sentence of five to ten years on November 4, 1964 upon a conviction for grand larceny, first degree. He was paroled on December 23, 1969.

On April 16, 1970, as a result of information indicating that the plaintiff had violated the conditions of his parole, a Senior Parole Officer issued a Violation of Parole Warrant. The next day Lombardi was arrested at his home and sent to Long Island City Prison.

The violation of parole report charged Lombardi with driving a car without a license, making false reports to his parole officer concerning his employment

and residence, and violating a specific instruction of his parole officer which prohibited the plaintiff from establishing his own business. On June 11, 1970 a Parole Commissioner declared Lombardi delinquent[1] and ordered him to be returned to Ossining Correctional Facility.

Then, on August 4, 1970 a Parole Board panel of three revoked Lombardi's parole. However, he appeared without counsel. In 1971, the New York Court of Appeals ruled that there was a constitutional requirement of counsel at such revocation proceedings. People ex rel. Menechino v. Warden, 27 N.Y.2d 376, 318 N.Y.S.2d 449, 267 N.E.2d 238 (1971). Accordingly, a new revocation hearing was ordered for Lombardi, upon his application for a writ of habeas corpus. People ex rel. Lombardi v. Cassces, Indictment No. 2032/63 (July 2, 1971 Westchester County Sup.Ct.). This rehearing was eventually held on December 1, 1971, though apparently not in a manner satisfactory to the plaintiff.

This series of events prompted the instant action, brought in forma pauperis and pro se on August 11, 1971 against seven State officials. The claim is alleged to be under 42 U.S.C. §§ 1983 & 1985, with jurisdiction based on 28 U.S. C. §§ 1331 & 1343.

The long, rambling complaint alleges numerous due process and equal protection violations in connection with his original conviction in 1964 and his parole revocation in 1970. The principal allegations, however, are: (1) that the defendant State officials acted in bad faith by misrepresenting facts and editing reports, apparently in connection with this lawsuit; (2) that the defendants discriminated against him because of his Italian extraction; (3) that certain parole officers illegally entered and searched his home on April 17, 1970, and seized, opened and stole his mail on that occasion; and (4) that the defendants conspired to deny him a meaningful parole revocation hearing.

On the basis of this complaint, Lombardi seeks, *inter alia*: (1) injunctive relief against the execution and enforcement of New York Correction Law, McKinney's Consol.Laws, c. 43, § 216 because of its alleged unconstitutional vagueness;[2] (2) mandamus to compel his prosecution for operating a motor vehicle without a license; (3) compensatory and punitive damages of $315,000.[3]

1. Another Parole Commissioner had also declared him delinquent on May 8, 1970, but had requested a further parole report. After this was submitted, a new declaration was made on June 11, 1970.

2. That section reads in part:
   "If the parole officer having charge of a paroled prisoner . . . shall have reasonable cause to believe that such prisoner has lapsed, or is probably about to lapse, into criminal ways or company, or has violated the conditions of his parole in an important respect, such parole officer shall report such fact to a member of the board of parole or to any officer of the division of parole designated by such board, who thereupon may issue a warrant for the retaking of such prisoner and for his temporary detention or return to a designated prison. In any case where a parole officer has reasonable cause to believe that any such parolee has violated the conditions of his parole in an important respect, such parole officer may retake such parolee and cause him to be temporarily detained without a warrant. The retaking, detention or reimprisonment of any such prisoner may be further regulated by the rules of the board not inconsistent with this article. A warrant issued pursuant to this section, or a written request for temporary detention signed by a parole officer who has arrested a parolee without a warrant, shall constitute sufficient authority to the superintendent or other person in charge of any jail, penitentiary, lockup or detention pen to whom it is delivered to hold in temporary detention the parolee named therein; provided, however, that temporary detention pursuant to a written request which is not accompanied by a warrant shall not exceed a period of twenty-four hours, and if a warrant be not delivered to the person in charge of the detention facility prior to the expiration of such twenty-four hour period the parolee must be released at the expiration of such twenty-four hour period. . . ."

3. In the complaint there is also a request for release, but this request is withdrawn in the plaintiff's brief.

A set of motions by the plaintiff and another by the defendants are now before the Court. The defendants move to dismiss the complaint under Fed.R.Civ. P. 12(b) (1), (2) & (6), or for a summary judgment under Rule 56(b). Lombardi moves for a three-judge court to consider the requested injunctive relief against Correction Law § 216 or for summary judgment under Rule 56.

■■ Taking the plaintiff's motions first, I am confronted by a request for a three-judge court. Generally, the attack on § 216 is premised on the argument that it is vague, breeding arbitrary and capricious decisions and permitting parole officers and commissioners to abuse their discretion. More specifically, Lombardi's principal point is that the language of § 216—"reasonable cause to believe that such prisoner has lapsed, or is probably about to lapse, into criminal ways or company"—is void for vagueness. But Lombardi lacks standing to challenge that formulation in the statute since he was arrested for violating specific conditions of his parole, which arrest did not rest on the quoted language. See Tileston v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943); Columbus & G. Ry. v. Miller, 283 U.S. 96, 51 S.Ct. 392, 75 L.Ed. 861 (1931). Lombardi does not directly attack that part of § 216 which deals with violation of parole conditions, but instead claims that that part of the statute was unconstitutionally administered. However, a three-judge court is not required to hear allegations of unconstitutional administration of a constitutional statute. Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941); Ex parte

Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1940).[4] In sum, the plaintiff's motion for a three-judge court is denied for failure to raise a substantial constitutional question. California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 82 L.Ed. 1323 (1938).

■ The plaintiff also moves for summary judgment. However, even the brief description of his complaint given above, with its allegations of misrepresentation, discrimination, illegal seizure, and conspiracy, shows it to be replete with issues of fact.[5] Consequently, the plaintiff's motion for summary judgment is denied. Fed.R.Civ.P. 56(c).

■ Turning now to the defendants' attacks on the complaint, I am met by a bewildering array of arguments, including: (1) that the causes of action under 42 U.S.C. §§ 1983 & 1985 are insufficiently pleaded; (2) that the defendants are immune from a suit for damages; (3) that the Civil Rights Statutes cannot be used to by-pass the requirements of Federal habeas corpus relief, including exhaustion of State remedies;[6] and (4) that jurisdiction is lacking to issue a writ of mandamus.

I find it significant that Carmine Lombardi is one of this Court's most prolific pro se litigants. It seems that the same series of occurrences has given rise to six other actions by Mr. Lombardi in the Southern District of New York[7], as well as to at least six more in other courts, all against the same or similarly situated State officials. The six other actions in this Court have gone before at least five other Judges.[8] The State defendants now come before me,

---

4. Lombardi also appears to argue that he has a right to notice and a hearing before being arrested, citing Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). To say the least, such a ruling would subvert the purposes of the arrest procedure. Beyond that, this point is too frivolous to merit further discussion.

5. The defendants have not as yet even answered the complaint.

6. This argument was made before the decisions in Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); and Rodriguez v. McGinnis, 456 F.2d 79 (2 Cir. 1972).

7. 71 Civ. 1560; 71 Civ. 4072; 71 Civ. 4367; 71 Civ. 4553; 71 Civ. 5253; 71 Civ. 5489; in addition to this action, 71 Civ. 3570.

8. Judges Tenny, Palmieri, MacMahon, Tyler and Pierce.

yet another Judge, and press a variety of rather complex legal arguments, some of which, at any rate, would not completely terminate this action even if accepted.

On the basis of this situation, I will deny the defendants' motions to dismiss the complaint and for summary judgment.[9] Instead, the State defendants should make an appropriate effort to move for consolidation of at least some of these actions before pursuing summary procedure. Otherwise, any dismissal or trimming of this particular action will only result, Hydra-like, in the institution of new actions. The State, in such a situation, must aid the courts in their efforts towards efficient operation. Such aid will be gratefully accepted by this multi-judge Court.

In conclusion, both plaintiff's and defendants' motions are denied.

It is so ordered.

---

9. The District Judge has discretion to deny summary judgment when the interests of efficiency are served thereby. 6 Moore's Federal Practice ¶ 56.15[6] (2d ed. 1971).