THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID MILES WARREN, Respondent, *v.* VINCENT R. MANCUSI, as Superintendent of Attica Correctional Facility, Appellant.

Fourth Department, January 18, 1973.

*Louis J. Lefkowitz, Attorney-General (Joseph J. Ricotta* and *Ruth Kessler Toch* of counsel), for appellant.

*Nathaniel A. Barrell (Edward L. Chassin* of counsel), for respondent.

CARDAMONE, J.   This appeal presents two questions for our determination: the first is whether habeas corpus may properly be used to challenge revocation of parole; the second is whether the burden of proof respecting the alleged violations of the conditions of parole at the parole revocation hearing should be properly imposed on the Parole Board or on the parolee.

The facts are simple and undisputed.   Relator, David Miles Warren, was sentenced on July 11, 1966 to a term of three and one-half to seven years by the Erie County Court upon his guilty plea to burglary in the third degree.   On March 18, 1970 relator was released on parole supervision, declared delinquent March

24, 1970, apprehended September 21, 1970, and returned to Attica Correctional Facility October 5, 1970. On January 14, 1971 a parole revocation hearing was held and relator, not represented by counsel at that time, was determined to be a parole violator based on his admission to absconding. On June 10, 1971, upon relator's application the Wyoming County Court ordered a new parole hearing to be conducted under the principles enunciated by the Court of Appeals in *People ex rel. Menechino* v. *Warden of Green Haven State Prison* (27 N Y 2d 376). This court-ordered hearing was held at Attica on August 19, 1971 before three Commissioners of the Board of Parole. Relator was charged with violating the conditions of his parole in that he absconded supervision, failed to maintain gainful employment, failed to report his residence and consumed alcoholic beverage. Relator's attorney excepted to and denied each charge. The attorney also objected to the fact that the burden of proof under the board's procedure, was placed upon relator. Without commenting on relator's argument, the Commissioners merely stated that the burden of proof was not placed upon the Board of Parole. Relator's attorney then contended that relator had not been given a reporting date and that he had been working painting houses for two Buffalo firemen whose names and addresses were listed on the violation of parole report. He argued at the hearing that the report itself was contradictory and in his brief before us that information as to the first three charged violations was under the exclusive control of the parole officer. Following this, relator was asked by a Commissioner if he had made his whereabouts known to his parole officer from March 20, 1970 to September 21, 1970. Relator, on advice of counsel, refused to answer. No witness was called nor was relator's parole officer present. No documentary proof was put into the record of the hearing. The parole violation report which contained the charges referred to was not entered. In fact, no proof or evidence was entered by either the Board of Parole or relator. The board thereupon found relator to be a parole violator and revoked his parole. He was then returned to Attica for 18 months, until February, 1972, when he would again be eligible to be considered for parole.

Relator thereupon instituted and obtained a writ of habeas corpus from Wyoming County Court (CONABLE, J.) on August 24, 1971. At the hearing held on return of writ on September 24, 1971 that court ordered relator returned to parole forthwith based on a determination that the parole revocation proceeding conducted by the Board of Parole on August 19, 1971

did not provide relator with the due process hearing as directed by the court on June 10, 1971. It is from this judgment sustaining the writ of habeas corpus that the People have appealed, raising for our consideration the two questions previously stated.

The People claim that relator's sole and proper remedy was an article 78 proceeding to review what it claims was the administrative determination of the Parole Board. The relator initiated a habeas corpus proceeding because, as he asserted and the trial court held, the hearing conducted by the Board of Parole did not provide him with due process to which he was entitled under section 6 of article I of the New York Constitution (*People ex rel. Combs* v. *La Vallee,* 29 A D 2d 128, 131, app. dsmd. 22 N Y 2d 857). Habeas corpus is an appropriate remedy to challenge relator's imprisonment when he claims he was deprived of a fundamental constitutional right. It need not be the exclusive remedy and we do not so determine in this case (*People ex rel. Keitt* v. *McMann,* 18 N Y 2d 257, 262). In *Matter of Menechino* v. *Division of Parole* (26 N Y 2d 837) the Court of Appeals held that an article 78 proceeding, brought under claims similar to those made in this case, was time-barred. It further stated (p. 838) '' Our determination is, however, without prejudice to any other proceeding which the petitioner may be advised to institute.'' Menechino thereupon instituted a habeas corpus proceeding claiming denial of due process rights at the parole revocation hearing (*People ex rel. Menechino* v. *Warden of Green Haven State Prison,* 27 N Y 2d 376, 379, *supra*). Thus, *Menechino* and other recent cases challenging claimed denial of due process in parole revocation hearings have uniformly utilized habeas corpus as a remedy in this State (*People ex rel. Silbert* v. *Cohen,* 29 N Y 2d 12; *People ex rel. Maggio* v. *Casscles,* 28 N Y 2d 415) and in the Federal courts (*Morrissey* v. *Brewer,* 408 U. S. 471; *Arciniega* v. *Freeman,* 404 U. S. 4). We thus conclude that habeas corpus is a proper remedy to challenge revocation of relator's parole.

We turn now to the second and more difficult question regarding the burden of proof. A parole revocation hearing is not a criminal trial but, rather, an administrative hearing '' to determine whether a parolee has violated the conditions of his parole (Correction Law, § 212, subd. 7).'' (*People ex rel. Maggio* v. *Casscles,* 28 N Y 2d 415, 418). The hearing to be accorded a parolee has been declared to be '' an accusatory proceeding in which the outcome—liberty or imprisonment—is dependent upon the board's factual determination as to the

truth of specific allegations of misconduct " (*People ex rel. Sil-bert* v. *Cohen,* 29 N Y 2d 12, 14, quoting from *People ex rel. Menechino* v. *Warden,* 27 N Y 2d 376, 382). In *Morrissey* v. *Brewer* (*supra,* p. 489) the Supreme Court has recently stated the minimum requirements for assuring due process at the hearing to include: " (a) written notice of the claimed viola-tions of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hear-ing officer specifically finds good cause for not allowing con-frontation); (e) a ' neutral and detached ' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecu-tion in any sense; it is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affi-davits, and other material that would not be admissible in an adversary criminal trial." Implicit also in these requirements is the burden of going forward with proof. That burden plainly rested squarely on the Board of Parole in the first instance to disclose to relator its proof respecting violations of parole either through documentary evidence or witnesses or both. Tested against these standards in his " accusatory proceeding ", the hearing did not accord him due process. Although writ-ten notice of the alleged violations was made available to rela-tor's counsel and he had the opportunity to be represented by counsel and heard in person, nonetheless, he was denied the opportunity to hear the evidence against him and to confront and cross-examine adverse witnesses.

Further, we do not believe that the term " burden of proof " is helpful in a proceeding where the attorney for parolee par-ticipates — not as in an adversary criminal trial — but to assure that the board is accurately informed of the facts before it acts (*People ex rel. Menechino* v. *Warden, supra,* p. 383). Since it is not a criminal prosecution but a narrow inquiry, all that is required is " an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accu-rate knowledge of the parolee's behavior " (*Morrissey* v. *Brewer,* 408 U. S. 471, 484, *supra*; *Mempa* v. *Rhay,* 389 U. S. 128). Since " it is the board alone which is to ascertain the

facts and decide their ultimate importance " (*People ex rel. Menechino* v. *Warden, supra,* p. 384), we conclude that the evidence and facts must satisfy it that a parole violation has occurred and that the violation warrants revocation of parole. Pursuant to the authority granted by subdivision 10 of section 212 of the Correction Law the board may promulgate rules and regulations for the procedures to be followed in revocation hearings. The record before us does not reveal the formal promulgation of rules pursuant to the statutory authority. However, informal rules have been issued by the Board of Parole [attached to respondent's brief as " Appendix A "] for the conduct of parole revocation hearings. These provide that " Where any or all of the charged violations are sustained to the *satisfaction of the Panel* it shall be so noted and the Panel shall assess such time as, in its judgment, is warranted " (emphasis supplied). Satisfactory evidence has been held to be an acceptable standard of proof when promulgated in the board's own rules (see *Arciniega* v. *Freeman,* 404 U. S. 4, *supra*).

Finally, a request by relator's counsel that one of the Commissioners disqualify himself because he had previously found relator delinquent was denied by the Commissioners present at the hearing on the grounds of administrative inconvenience. The Commissioners stated that it would be impossible to conduct properly the business of the board if each Commissioner involved in a case were then eliminated from it. We note that the preliminary hearing required in *Morrissey* v. *Brewer* (*supra,* pp. 486–487) should be held before someone not directly involved in the case — " an uninvolved person " (see, also, *Goldberg* v. *Kelly,* 397 U. S. 254, 271). We do not reach or determine this issue. Such requirement does not appear to be contemplated in the revocation hearing itself which is the posture in which we find this case (*Morrissey* v. *Brewer, supra,* p. 499).

For the reasons stated the judgment should be affirmed.

DEL VECCHIO, J. P., MARSH, MOULE and HENRY, JJ., concur.

Judgment unanimously affirmed.