THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEON E. WEST, Appellant, v. LEON J. VINCENT, as Superintendent of Green Haven Correctional Facility, Respondent.— In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated November 27, 1973, which dismissed the writ. Judgment affirmed, without costs. On October 13, 1959, appellant was convicted of possession of narcotics in violation of subdivision 2 of section 1751 of the former Penal Law and was sentenced to a term of imprisonment of between 8 and 16 years. On August 30, 1972 he was released on parole. On April 19, 1973 he was arrested on three drug-related offenses, and a parole violation warrant was subsequently issued on the basis of that arrest. The charges were dismissed by action of the Grand Jury on May 24, 1973, whereupon appellant was released from custody, apparently due to an "administrative error". The parole violation warrant had never been withdrawn. After missing a scheduled reporting date on May 29, 1973, appellant telephoned his parole officer on June 6, 1973. On June 12, 1973 he was informed by his parole officer that his release had been an error. He surrendered voluntarily on June 14, 1973. On June 27, 1973, a parole board preliminary hearing was held and, on the basis of appellant's admission that he had reverted to the use of drugs, probable cause was found to believe that he had violated his parole. A parole revocation hearing was held on August 21, 1973 and, as a result, the parole board sustained three of the charges which had been lodged against him, namely, (1) reversion to the use of drugs, (2) association with evil companions, to wit, persons involved in the drug trade, and (3) failure to report on May 29, 1973. On the basis of these findings, appellant's parole was revoked and he was returned to prison. It is, by now, a well-established proposition of law that the fact of an arrest, without more, will support the issuance of a parole violation warrant (Correction Law, § 216; *People ex rel. Natoli* v. *Lewis*, 287 N. Y. 478; see, also, *People* v. *Simons*, 22 N Y 2d 533, cert. den. 393 U. S. 1107). The warrant having been valid when issued, was not rendered invalid by the subsequent dismissal of the underlying charges, as the standard by which the Grand Jury operates (CPL 190.65, subd. 1) is not identical to that governing the parole authorities (Correction Law, § 216; see *People ex rel. Natoli* v. *Lewis*, *supra*). Under the latter statute, a warrant may issue whenever there is "reasonable cause to believe that [the] prisoner * * * is probably about to lapse into criminal ways or company, or has violated the conditions of his parole". Accordingly, such reasonable cause being present in the form of the arrest, it follows that the warrant was validly issued and that appellant was properly taken into custody on June 14, 1973. The proceedings subsequent to that time reveal no denial of appellant's due process rights. A preliminary hearing was promptly held on June 27, 1973 and, on the basis of appellant's admissions, a finding of probable cause was made. Within the reasonably short period of 68 days following his return to custody, appellant was accorded a revocation hearing at which he was assisted by counsel, given written notice of the claimed violations, confronted with the evidence against him and afforded the opportunity to testify, to present evidence and to cross-examine witnesses (see *Morrissey* v. *Brewer*, 408 U. S. 471; *People ex rel. Menechino* v. *Warden, Green Haven State Prison*, 27

N Y 2d 376; *People ex rel. Kendrick* v. *Flood,* 43 A D 2d 964; *Matter of McLucas* v. *Oswald,* 40 A D 2d 311). There was no error in considering at that hearing charges not included on the face of the warrant, as the function of that instrument is not to marshal the allegations, but to secure jurisdiction over the parolee (see *People ex rel. Cordero* v. *Thomas,* 69 Misc 2d 28). The accusatory function is performed by the written notice of charges required to be delivered to the prisoner prior to the commencement of the hearing (see *Morrissey* v. *Brewer, supra*), which charges are based on the violation of parole report prepared following the arrest (*People ex rel. Galloway* v. *Skinner,* 33 N Y 2d 23; 7 NYCRR 1.17 [b]; cf. *Matter of Lombardi* v. *Regan,* 341 F. Supp. 718). Since the proceeding was validly conducted and the determination of violation is supported by sufficient evidence (see *People ex rel. Warren* v. *Mancusi,* 40 A D 2d 279; *Matter of Mummiami* v. *New York State Bd. of Parole,* 5 A D 2d 923, mot. for lv. to app. den. 5 N Y 2d 709, cert. den. 362 U. S. 953), no ground exists for interfering with the discretion of the parole board in revoking appellant's parole and returning him to custody (*Matter of Mummiami* v. *New York State Bd. of Parole, supra*; *People ex rel. McNair* v. *West,* 77 Misc 2d 150; see *People* v. *Fink,* 29 N Y 2d 443; *Matter of Briguglio* v. *New York State Bd. of Parole,* 24 N Y 2d 21; *Matter of Hines* v. *State Bd. of Parole,* 293 N. Y. 254; Correction Law, §§ 210, 212-a, former §§ 212 and 218 [repealed by L. 1970, ch. 476]). Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Cohalan, JJ., concur.