Edward S. Conway, J.
This is an adjudication of the issues in the above-entitled habeas corpus proceeding after a hearing held on the 29th day of September, 1975 in Chambers at the Albany County Court House. It is the contention of the petitioner that he is illegally detained following a preliminary parole revocation hearing held on the 19th day of September, 1975 at the Albany County Jail. Petitioner alleges that the revocation was based solely upon hearsay evidence introduced at the preliminary hearing as to petitioner’s alleged violation of a special condition of parole imposed by the parole officer and not by the Parole Board as required by section 215 of the Correction Law. The special condition was that he not visit a certain woman at a certain house in the City of Rensselaer, New York.
It is the contention of the New York State Board of Parole that pursuant to section 70.40 (subd 1, par [b]) of the Penal Law, the petitioner was entitled to conditional release on July 3, 1975 and that he was released on that date. He was instructed to report to the Albany parole office on his arrival in the community later on July 3, 1975. He was instructed, during his interview at the Albany parole office, not to go to Rensselaer, New York, and not to visit the home of Patricia Bailey in that city because of an earlier serious criminal occurrence relating to Deborah Bailey, the child of Patricia Bailey, who resides with her mother. Based upon evidence obtained by his parole officer, violations of this condition were indicated. He was arrested by his parole officer on August 7, 1975 and a preliminary hearing to determine whether there was probable cause to believe he had violated conditions of his release was scheduled for August 29, 1975 with notice to petitioner of the hearing being given on August 21, 1975.
At petitioner’s request, the hearing was adjourned to September 19, 1975 to permit petitioner to present witnesses at the hearing. Notice was also given to petitioner’s attorney.
The hearing officer held the preliminary hearing on September. 19, 1975 and he determined that there was probable cause to believe that petitioner had violated conditions of his release based on testimony of his parole officer and evidence submitted. Petitioner did not deny he had violated the conditions, nor did'he produce any witness to support his position.
*725 It is the further contention of the Board of Parole that the reports of the Rensselaer policemen and the testimony of the parole officer relating his interviews of some seven people who told him they had seen petitioner in or about the Bailey home should be deemed, for the purpose of the minimal inquiry required at a preliminary parole revocation hearing, satisfactory evidence to support the finding by the hearing officer of probable cause to believe a parole violation had occurred (People ex rel. Marino v Casscles, 42 AD2d 304, 308; People ex rel. Warren v Mancusi, 40 AD2d 279).
The Board of Parole further contends that petitioner was not released pursuant to section 215 of the Correction Law, but was entitled to conditional release pursuant to section 70.40 (subd 1, par [b]) of the Penal Law as a matter of right subject to his release agreement which required him to abide by instructions of his parole officer conditional release agreement, § 3 [a]). With this contention this court must agree.
Petitioner contends that there was a lack of due process when the hearing officer made his decision without requiring that all persons who gave adverse information on which the parole revocation is based, be made available for questioning in petitioner’s presence, when petitioner had made a timely written request that such persons be present.
Petitioner relies upon the apparent specific requirement made by the Supreme Court of the United States in Morrissey v Brewer (408 US 471, 486-487) where that court said: "With respect to the preliminary hearing before this officer, the parolee should be given notice that the hearing will take place and that its purpose is to determine whether there is probable cause to believe he has committed a parole violation. The notice should state what parole violations have been alleged. At the hearing the parolee may appear and speak in his own behalf; he may bring letters, documents, or individuals who can give relevant information to the hearing officer. On request of the parolee, a person who has given adverse information on which parole revocation is to be based are to be made available for questioning in his presence. However, if the hearing officer determines that the informant would be subjected to risk of harm if his identity were disclosed, he need not be subjected to confrontation and cross-examination.”
With this contention of the petitioner this court must agree. Accordingly, it is: ordered, that the preliminary parole revocation hearing of September 19, 1975 is void and of no legal *726 effect and the petitioner is ordered returned to the Parole Board for a new preliminary parole revocation hearing within 20 days of the date of this order. Petitioner is remanded to the custody of the Albany County Sheriff pending the determination of said hearing.