## (March 16, 1977)

■ In the Matter of ROBERT TOMARKIN, Respondent, v ROY BOMBARD, as Superintendent of the Green Haven Correctional Facility, et al., Appellants. In the Matter of ROBERT TOMARKIN, Respondent, v LT. TANNER et al., Appellants. THE PEOPLE OF THE STATE OF NEW YORK ex rel. BRUCE HOFSTETTER, on Behalf of ROBERT TOMARKIN, Respondent, v SUPERINTENDENT OF THE GREEN HAVEN CORRECTIONAL FACILITY et al., Appellants.—Appeals from two judgments of the Supreme Court, Dutchess County, (1) one dated February 18, 1977, which, in consolidated proceedings pursuant to CPLR article 78, directed petitioner's immediate release on parole in the interest of justice and (2) one dated March 4, 1977, which, in a habeas corpus proceeding, again directed petitioner's release from custody under the supervision of the State Board of Parole in the interest of justice. Judgments reversed, on the law, without costs or disbursements, proceedings dismissed on the merits, and petitioner is remanded to the custody of the Superintendent of the Green Haven Correctional Facility. In our opinion, Special Term improperly directed petitioner's release on parole. It is settled beyond peradventure that "so long as the Board [of Parole] violates no positive statutory requirement, its discretion is absolute and beyond review in the courts" *(Matter of Hines v State Bd. of Parole,* 293 NY 254, 257; see, also, *Matter of Briguglio v New York State Bd. of Parole,* 24 NY2d 21; *Solari v Vincent,* 46 AD2d 453). The Legislature has expressly set forth the criteria which the Board of Parole must employ in making its decision (Correction Law, §§ 212–214). Only when the board violates the criteria set forth in these provisions, may its decision be reviewed (Correction Law, § 212, subd 10). In the instant case, the decision of the board denying petitioner his release on parole finds adequate support in the record. Thus, petitioner has been cited numerous times for violating institutional rules and for creating disturbances, he has a considerable prior criminal record, he has absolutely no remorse over what he has done and he has vowed that when he is released he will steal even more money and then flee the country. Certainly, the statutory criteria for release on parole were not met and the board properly so found. Hence, it was improper for Special Term to substitute its judgment for that of the board's and to order petitioner's immediate release on parole, especially in the light of petitioner's intent to violate the law once released (see Correction Law, § 213). However, we note from the record that petitioner has been suffering from a heart condition and that he is under severe nervous strain. Accordingly, the Department of Correctional Services should take into consideration petitioner's deteriorating health and transfer him to a facility where his physical and mental disabilities can best be treated. Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.