■ In the Matter of ANTHONY DALOTTO, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of the Department of Social Services, dated October 15, 1976 and made after a fair hearing, which affirmed a determination of the local agency denying petitioner's application for medical assistance. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. On this record we agree that the evidence presented by petitioner to explain a transfer of funds was insufficient to overcome the statutory presumption contained in section 366 (subd 1, par [e]) of the Social Services Law that such transfers, if made within one year of the date of application, as was the situation here, are presumed to have been made for the purpose of qualifying for public assistance. Shapiro, J. P., Titone, Suozzi and O'Connor, JJ., concur.

■ In the Matter of WAYNE T. ECKHART, Appellant, v ROY BOMBARD, as Superintendent of the Green Haven Correctional Facility, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole, which denied petitioner his release on parole, the appeal is from a judgment of the Supreme Court, Dutchess County, dated August 24, 1976, which denied the application and dismissed the proceeding. Judgment affirmed, without costs or disbursements. It is directed that petitioner be given a psychiatric evaluation, as soon as possible, and be granted a parole hearing at which the board shall consider the said evaluation, unless such event has already occurred. Petitioner-appellant was sentenced to consecutive indeterminate sentences of 25 and 15 years, respectively, and to two indeterminate sentences of up to five years, each to be served concurrently with the consecutive terms, upon his convictions of manslaughter in the first degree, attempted robbery in the first degree, attempted grand larceny in the second degree and attempted possession of a dangerous weapon. He was denied parole mainly because of the seriousness of the crimes and because of his emotional instability. As required by statute (Correction Law, § 214, subd 6), the Board of Parole gave its rationale for the denial of parole. In *Matter of Tomarkin v Bombard* (56 AD2d 881) this court stated: "The Legislature has expressly set forth the criteria which the Board of Parole must employ in making its decision (Correction Law, §§ 212-214). Only when the board violates the criteria set forth in these provisions, may its decision be reviewed (Correction Law, § 212, subd 10)." In the instant proceeding, the decision of the board denying petitioner his release on parole finds adequate support in the record. The decision was neither arbitrary nor capricious, and did not deprive petitioner of his due process rights. Petitioner's other arguments have been considered and have been found to lack merit. However, we note from the record petitioner's claim that he has not been afforded an opportunity to obtain a psychiatric evaluation. It is therefore directed that petitioner be so evaluated and granted, as soon as possible, a parole hearing to consider said evaluation, unless such event has already taken place. Shapiro, J. P., Titone, Suozzi and O'Connor, JJ., concur.