■ In the Matter of JASPER B. PERRY, Petitioner, v THOMAS R. BLAIR et al., Respondents.—Determination unanimously confirmed, without costs, and petition dismissed. Denman, J., not participating. Memorandum: Petitioner was a probationary police officer employed by the City of Buffalo in April, 1973 when he was charged with raping a 13-year-old babysitter whom he and his wife had employed to stay at their apartment for the evening. On a prior appeal we determined that petitioner was entitled to a hearing and that his petition was timely *(Matter of Perry v Blair,* 49 AD2d 309). This hearing followed. The hearing officer dismissed the charges but the respondent commissioner reversed that determination and ordered petitioner discharged from the police force. At the hearing the victim testified that on the night in question petitioner returned to his apartment after driving his

wife to night school. He attempted to dance with her and to induce her to drink wine. When she refused he handcuffed her, partially removed her clothes and sexually molested her. She escaped by breaking the glass on a storm door. A neighbor observed her running from the house partially dressed. She complained of the incident to her mother who promptly called the police and reported the facts. The police had to remove the handcuffs. In opposition to this evidence, petitioner testified that he did not return to the house after driving his wife to her apartment and he presented alibi evidence contradicting the victim's story that he did. He was acquitted after a jury trial of the criminal charges arising from the incident. The evidence, other than the identity of the victim's attacker, was largely undisputed. The attack occurred in petitioner's house, the victim was restrained with his handcuffs and her identification of him was unequivocal. Far from rejecting the victim's testimony as untrustworthy the hearing officer found it "compelling" but chose to accept petitioner's alibi evidence instead. The commissioner was not bound by the contrary finding of the hearing officer *(Matter of Simpson v Wolansky,* 38 NY2d 391, 394; *Matter of Gristmacher v Felicetta,* 57 AD2d 444, 448) and there is substantial evidence in the record to support the commissioner's determination of guilt. Petitioner also contends that respondents are estopped from finding petitioner guilty because of his prior acquittal of the criminal charges. Collateral estoppel has been applied in civil proceedings when the issue has been resolved by an earlier finding of guilt in a criminal trial (see *Matter of Levy,* 37 NY2d 279; *Vavolizza v Krieger,* 33 NY2d 351; *S. T. Grand, Inc. v City of New York,* 32 NY2d 300). An acquittal, however, rests upon a failure of proof beyond a reasonable doubt and is not a conclusive finding of innocence or nonparticipation in the underlying acts charged in the disciplinary complaint lodged against petitioner *(Etheridge v City of New York,* 121 NYS2d 103, affd 283 App Div 867; 2 Bender's, NY Evidence, § 73.01; Richardson, Evidence [Prince, 10th ed], § 348), and the prior acquittal does not foreclose the determination of guilt in this proceeding *(Scales v Maxwell,* 52 AD2d 719). (Article 78 proceeding transferred by order of Erie Supreme Court.) Present —Cardamone, J. P., Simons, Hancock, Jr., Denman and Witmer, JJ.