THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD
DOWDY, Respondent, v HAROLD J. SMITH, as Superinten-
dent of Attica Correctional Facility, et al., Appellants.

Fourth Department, December 15, 1978

## APPEARANCES OF COUNSEL

*Louis J. Lefkowitz, Attorney-General (Kenneth Graber* of counsel), for appellants.

*Donald H. Zuckerman* for respondent.

### OPINION OF THE COURT

HANCOCK, JR., J.

In February, 1978 relator was acquitted of several counts of unlawfully and knowingly selling and possessing heroin, after a jury trial in which he had asserted entrapment as an affirmative defense. Following a parole revocation hearing on March 28, 1978 the Parole Board found relator guilty of parole violations and revoked his parole for the conduct underlying the criminal charges. Special Term has held that the Parole Board was precluded by the doctrine of collateral estoppel from revoking relator's parole because of the acquittals. From a judgment granting relator's petition for a writ of habeas corpus, the State has appealed. We reverse.

On May 5, 1977 relator, a multiple felony offender, then on parole under concurrent sentences for robbery in the first degree and felonious possession of a weapon, was arrested

upon two indictments arising out of acts committed on December 17, 1976 and January 19, 1977. He was charged with several counts of first degree criminal sale of a controlled substance (Penal Law, § 220.43), first and third degree criminal possession of a controlled substance (Penal Law, §§ 220.21, 220.16) and one count of first degree conspiracy (then Penal Law, § 105.15; Penal Law § 220.43). Also on May 5, 1977 relator was served with a parole violation notice alleging that he had violated General Parole Rule 12* (7 NYCRR 1915.10 [12]) by possessing heroin and selling it to a police officer on the same dates (Dec. 17, 1976 and Jan. 19, 1977). After a jury trial in February, 1978 at which he interposed the affirmative defense of entrapment, relator was acquitted on all counts. At the final revocation hearing on March 28, 1978 the State adduced testimony from the undercover police officer to the effect that he had paid relator $6,250 for ⅛ of a kilo of heroin on December 17, 1976 and $2,000 for ⅞ of an ounce of heroin on January 19, 1977. The State also introduced, over objection, the entire transcript of relator's trial testimony which contained admissions as to his possession and sale of the drugs. Although given a full opportunity to present evidence in his defense, relator offered none. Nor did he introduce any other portion of the trial transcript. Instead, relator grounded his defense upon the doctrine of collateral estoppel and read the entrapment statute (Penal Law, § 40.05) into the record. In its decision the Parole Board sustained both violations, principally on the testimony of the detective and on relator's admissions made at trial. The board noted that "no evidence was presented to support the defense of entrapment, and entrapment was therefore not considered."

■ It is settled that a parole revocation hearing is not part of a criminal prosecution but an administrative hearing "to determine whether a parolee has violated the conditions of his parole (Correction Law, § 212, subd 7)." *(People ex rel. Maggio v Casscles,* 28 NY2d 415, 418, *quoted in People ex rel. Warren v Mancusi,* 40 AD2d 279, 281; see *Morrissey v Brewer,* 408 US 471, 479-480.) The revocation hearing "must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of

---

* General Parole Rule 12 (that in effect in March, 1975, relator's date of release) states: "I will not use, possess, or purchase any illegal drugs or use or possess those that have been unlawfully obtained." (7 NYCRR 1915.10; see provisions of 9 NYCRR 8003.2, eff March 23, 1978.)

whether the facts as determined warrant revocation. The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *(Morrissey v Brewer, supra,* p 488.)

The Parole Board is vested with broad discretion in making determinations on parole revocations and so long as the board "violates no positive statutory requirement, its discretion is absolute and beyond review in the courts." *(Matter of Hines v State Bd. of Parole,* 293 NY 254, 257; *Matter of Tomarkin v Bombard,* 56 AD2d 881; *Solari v Vincent,* 46 AD2d 453; *People ex rel. West v Vincent,* 46 AD2d 782, 783; *Matter of Mummiami v New York State Bd. of Parole,* 5 AD2d 923; *Matter of Tinsley v New York State Bd. of Parole,* 73 Misc 2d 289, 295; Correction Law, § 212, subd 10.) Relator, however, seeks not to review the Parole Board's discretionary determination, but contends solely that by virtue of the rule of collateral estoppel, held by the Supreme Court to be embodied in the Fifth Amendment guarantee against double jeopardy *(Ashe v Swenson,* 397 US 436, 442), the board was barred from finding him guilty of the asserted violations. Since the decision of the Court of Appeals in *Schwartz v Public Administrator of County of Bronx* (24 NY2d 65, 71) it has been established that the two necessary requirements for the application of the doctrine of collateral estoppel are that, first, there "must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling." (See *S. T. Grand, Inc. v City of New York,* 32 NY2d 300, 304.) The factual issue in the subsequent proceeding must be "identical in all respects with that decided in the first proceeding" *(Commissioner v Sunnen,* 333 US 591, 599-600). Furthermore, "the adjudication in the first case does not estop the parties in the second, unless the matter raised in the second case involves substantially 'the same bundle of legal principles that contributed to the rendering of the first judgment.' " *(Neaderland v Commissioner of Internal Revenue,* 424 F2d 639, 642, cert den 400 US 827, quoting, *Commissioner v Sunnen, supra,* p 601.)

In New York, courts applying the identity of issue test have held that the return of a no-bill by a Grand Jury does

not prevent subsequent parole revocation proceedings on the underlying charges because "the standard by which the Grand Jury operates (CPL 190.65, subd 1) is not identical to that governing the parole authorities". *(People ex rel. West v Vincent,* 46 AD2d 782, *supra.)* (Cf. *People ex rel. Natoli v Lewis,* 287 NY 478, holding that jurisdiction once obtained by the Parole Board after the indictment of a parolee on a felony charge is not lost by a subsequent finding of not guilty of the crime charged.) In *Matter of Perry v Blair* (64 AD2d 870, 871) we held that disciplinary proceedings against a police officer were not barred by an acquittal in a criminal trial, stating that an "acquittal * * * rests upon a failure of proof beyond a reasonable doubt and is not a conclusive finding of innocence or nonparticipation in the underlying acts charged in the disciplinary complaint lodged against petitioner * * * and the prior acquittal does not foreclose the determination of guilt in this proceeding *(Scales v Maxwell,* 52 AD2d 719)." In the only New York decision we have found applying to parole revocation after an acquittal on the underlying charge, the Appellate Division, Second Department, without discussing collateral estoppel, held that the action of the board in revoking parole was not arbitrary or capricious *(Matter of Mummiami v New York State Bd. of Parole,* 5 AD2d 923, *supra).*

In several Federal and out-of-State decisions courts have held that an acquittal in a criminal proceeding does not preclude revocation of parole for the same conduct on which the criminal charge was based (see *Standlee v Rhay,* 557 F2d 1303; *Matter of Dunham,* 16 Cal 3d 63, cert den 429 US 836; *Matter of Coughlin,* 16 Cal 3d 52; *State v Jameson,* 112 Ariz 315; *Russ v State,* 313 So 2d 758 [Fla], cert den 423 US 924; *Standlee v Smith,* 83 Wn 2d 405; *Ware v State,* 219 So 2d 442 [Fla]; *Scott v State,* 238 Md 265; contrast *People v Grayson,* 58 Ill 2d 260, cert den 421 US 994). In *Standlee v Rhay (supra,* pp 1305-1307) the Ninth Circuit Court of Appeals explained the rationale of such holdings stating that: "[t]he difference in the burdens of proof * * * usually precludes application of collateral estoppel * * * [and the] nature of the sanction imposed by a proceeding also is determinative of whether collateral estoppel applies. Thus, an 'acquittal on a criminal charge is not a bar to a civil action by the Government, *remedial in its nature,* arising out of the same facts on which the criminal proceeding was based * * *' *Helvering v Mitchell, supra,* 303 U. S. at 397, 58 S. Ct. at 632 (emphasis added)", and further

that: "[i]t is well established that parole revocation is * * * remedial rather than punitive, since it seeks to protect the welfare of parolees and the safety of society * * * It follows that collateral estoppel does not bar a subsequent parole revocation hearing after a criminal acquittal. The sanctions imposed and the burdens of proof are different * * * [T]hey are the crucial factors here." (See, generally, Acquittal in Criminal Proceeding as Precluding Revocation of Probation on Same Charge, Ann. 76 ALR3d 564.)

The holdings of Federal and other State courts which represent the decided weight of authority are entirely consistent with the New York doctrine of collateral estoppel as expressed in *Schwartz v Public Administrator of County of Bronx* (24 NY2d 65, *supra)* and with the New York decisions in *People ex rel. Natoli v Lewis* (287 NY 478, *supra), Matter of Perry v Blair* (64 AD2d 870, *supra)* and *Matter of Mummiami v New York State Bd. of Parole* (5 AD2d 923, *supra).* We follow the majority view and hold that an acquittal in a criminal proceeding will not bar a subsequent parole revocation on the underlying charge.

■■ Relator contends however that, notwithstanding the majority rule, his acquittals should bar proof of the parole violations because at trial he pleaded and proved by a fair preponderance of the evidence the affirmative defense of entrapment (Penal Law, §§ 40.05, 25.00). He claims that the acquittal verdicts thus established conclusively that his possession and sale of heroin were the result of entrapment and could not therefore constitute conduct proscribed by General Parole Rule 12. It is in his interpretation of the general verdicts of acquittal as a conclusive factual determination that he was entrapped that relator would distinguish the instant case from the decisions constituting the majority view. We cannot accept the distinction.

It is settled that entrapment constitutes a defense in the nature of confession and avoidance and that the requirement that the defendant prove it by a preponderance of the evidence does not alter the People's burden of proving each and every element of each count beyond a reasonable doubt *(People v Laietta,* 30 NY2d 68). Because the verdicts were not special verdicts but general verdicts of not guilty on the separate counts as required by CPL 300.10 (subd 3), it is impossible to determine whether the jury found that entrapment had been established as a defense to one or more of the

counts or whether, instead, the jury had concluded that the prosecution had failed to prove beyond a reasonable doubt that the defendant had "knowingly" or "unlawfully" sold or possessed the drugs or that it had failed to meet its burden on some other required element of proof. Indeed, it it possible that the very evidence adduced on entrapment, even though not sufficient to establish the defense by a fair preponderance of the evidence, could nonetheless have raised a reasonable doubt in the minds of the jurors on the question of whether the accused's conduct was knowing and unlawful. Thus we hold that the verdicts here do not represent conclusive findings that relator's conduct was induced by entrapment. As stated in *Neaderland v Commissioner of Internal Revenue* (424 F2d 639, 642, cert den 400 US 827, *supra*): "[w]hen a jury acquits it decides only that an accused is not proven guilty of the offense charged beyond a reasonable doubt". The verdicts are statements that the jury found that the accused was not guilty of the various counts as submitted to them in the court's charge—nothing more. We cannot speculate as to the jurors' reasons for their decision and thereby convert the verdicts into conclusive special findings of fact on one or more aspects of the proof. Because it is impossible to say that the issue of entrapment was "necessarily decided in the prior action", the doctrine of collateral estoppel does not apply *(Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71, *supra).*

██ ██ Assuming for the moment that we were to accept the verdicts as conclusive findings that relator was entrapped, we could not invoke the rule of collateral estoppel. The verdicts then would stand for no more than the proposition that relator's admitted sale and possession did not constitute crimes as defined in sections 220.43, 220.21 and 220.16 of the Penal Law. The issue before the Parole Board, however, was not whether relator's conduct was criminal but whether he had violated the conditions of his parole *(People ex rel. Warren v Mancusi,* 40 AD2d 279, *supra).* The nature of the parole revocation proceeding is remedial rather than punitive, "since it seeks to protect the welfare of parolees and the safety of society." *(Standlee v Rhay,* 557 F2d 1303, 1306, *supra.)* The hearing "must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." *(Morrissey v Brewer,* 408 US 471, 488, *supra.)* Because the scope of General Parole Rule 12 is

not limited to conduct that is criminal in nature, the Parole Board could have found relator guilty of a violation for improper sale or possession of drugs that did not rise to the level of a crime. Thus the issues in the criminal proceeding and the revocation proceeding were dissimilar and it cannot be said that there was "an identity of issue which has necessarily been decided in the prior action which is decisive of the present action". *(Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71, *supra; see Neaderland v Commissioner of Internal Revenue,* 424 F2d 639, 642, cert den 400 US 827, *supra.)*

We do not suggest that entrapment cannot be considered in a parole revocation hearing. Indeed, had relator proven the facts with respect to the alleged entrapment before the Parole Board, the board could have considered such proof in mitigation on the question of penalty, or on the question of whether, under all of the circumstances, including evidence of entrapment, relator's sale and possession constituted a violation of General Parole Rule 12. Relator chose not to do so, however, and there was no proof of entrapment before the board. It cannot be said that the decision revoking his parole was an abuse of discretion.

The judgment below should be reversed and the petition dismissed.

CARDAMONE, J. P., DILLON, SCHNEPP and WITMER, JJ., concur.

Judgment unanimously reversed, and petition dismissed.