OPINION OF THE COURT
Richard Lee Price, J.
In accordance with this court’s decision of April 13,1983 (118 Misc 2d 964), granting this CPLR article 78 petition to the extent of directing the respondent to file and serve an answer, petitioner now moves to have this action restored to the calendar and determined on the merits.
Respondent’s earlier motion to dismiss was granted to the extent of holding that petitioner is not entitled to a court order of reinstatement. The issue before this court now, on the merits, is whether petitioner is entitled to a court-ordered hearing on the issue of reinstatement. For the reasons set forth in this court’s decision of April 13, as well as the reasons that follow, the petitioner is found entitled to a hearing in accordance with the mandate and procedures set forth in section 75 of the Civil Service Law.
In my April 13th decision I held that the recent Second Circuit reversal in Green v McGuire (683 F2d 32, revg 517 F Supp 1330), does not compel this State court to find that a police officer whose felony conviction is reversed on the ground that no crime has in fact been committed is not entitled to an otherwise statutorily required hearing. My conviction on this issue has not changed.
*1027 Although my decision has not changed, I am not without appreciation for respondent’s position. Respondents maintain that (in addition to the automatic, permanent vacatur of State office resulting from a felony conviction) petitioner is not entitled to a departmental hearing for two strong reasons: (1) the conduct underlying the petitioner’s conviction, even if not criminal, was certainly suspicious and questionable, and (2) charges and speculations pending against petitioner at the time of his conviction (based upon different and distinct alleged criminal acts) indicate petitioner’s unworthiness as a police officer.
All the allegations and suspicions aimed at and regarding petitioner may be well founded and petitioner may indeed be unworthy of the vaunted position of police officer. Nor does this court deny that respondents have carefully weighed petitioner’s motion for reinstatement (even to the point of allowing oral argument). But respondents have weighed that motion within their own interpretation of the law as they see it, and unfortunately I believe that interpretation is incorrect.
Petitioner is entitled to a hearing with respect to both the acts underlying the conviction and the acts underlying the pending charges and specifications. The fact that the acts underlying the conviction were not considered a crime will not prevent the respondents from discharging the petitioner. It is a well-settled principle of law that police officers must live up to a level of behavior and morality that the rest of society is not held to. (See Matter of Perry v Blair, 64 AD2d 870.)
Similarly, there is nothing to prevent respondents from discharging petitioner if the acts underlying the charges and specifications are substantiated as having occurred. But this court will not permit respondents to bolster their claim of permanent forfeiture with allegations of other, unproven misdeeds. It is to prevent this very type of administrative action that section 75 of the Civil Service Law (as well as due process requirements in general) was created. A mere “review of [petitioner’s] service record” is insufficient as a matter of law.
So stated, this court holds that where a permanent civil service employee is discharged by operation of section 30 *1028 (subd 1, par e) of the Public Officers Law as the result of a felony conviction, but that conviction is reversed on the basis that no crime was in fact committed, the employee is entitled as a matter of law to a posttermination hearing in accordance with section 75 of the Civil Service Law to determine if the employee should be reinstated. The standards to be utilized in this determination are the same as those that are used to determine if an employee should be discharged in the first place.
Petition granted to the extent of remanding the matter to the respondents for hearing and determination in accordance with this decision.