■    THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN WALLACE, Respondent, v STATE OF NEW YORK et al., Appellants.—Judgment unanimously reversed, on the law, and writ dismissed. Memorandum: Petitioner was conditionally released from prison in June, 1978 after serving a sentence for unlawful possession of a weapon. On the evening of August 17, 1978 he was engaged in an altercation with a man named Dees in which at least two shotgun blasts were fired while the two men fought for possession of the weapon. Petitioner received a wound near his nose, the pellets exiting the left side of his head, and Dees received a knife or razor wound to his shoulder requiring 23 sutures. Dees ran from the scene. Petitioner left in a car and was later apprehended parked in a shopping center about five miles from the scene of the fight. The police found a sawed-off shotgun under the car, beneath the seat in which petitioner was sitting, and one or two live shells in the front seat. They found a purse with six shotgun shells and a shoulder holster in the trunk of the car. Petitioner was taken into custody and held on a detainer warrant. A preliminary revocation hearing was held on August 29, 1978. The notice of preliminary hearing charged him with three violations of his parole on the night in question, possession of a weapon (the shotgun), possession of a weapon (a razor), and menacing the safety of another individual, i.e., Joseph Dees. After taking the testimony of five witnesses, the hearing officer found "probable cause" to believe that petitioner had violated the terms and condition of his release by possessing a sawed-off shotgun and by menacing Dees. Although the testimony as to

whether petitioner or Dees had the gun originally and who initiated the altercation was in substantial conflict, the hearing officer obviously credited Dees' testimony that petitioner approached him with the shotgun in a shoulder holster, removed it and attempted to shoot him and that the wounds were inflicted while the two men fought for control of the gun. Petitioner then instituted this habeas corpus proceeding, urging that the evidence of violation was insufficient because he had acted in self-defense. After reviewing the record, County Court ordered petitioner's release. The judgment must be reversed. Subdivision 3 of section 259-i of the Executive Law provides that a parolee may be detained after a preliminary hearing if the hearing officer has "probable cause to believe that the parolee * * * has violated one or more conditions of his release in an important respect." The evidence before the hearing officer was sufficient to permit him to find that petitioner had violated the terms of his release by possessing the shotgun, initiating the dispute and menacing Dees. At the final revocation hearing the charges must be proved by a preponderance of the evidence. The standard of proof at the preliminary hearing, however, is only "probable cause" and the evidence before the hearing officer clearly met that standard (see *People v Rodger,* 28 AD2d 625). Furthermore, under the provisions of the statute, actions of the Parole Board are judicial functions and are not reviewable if performed in accordance with law (Executive Law, § 259-i, subd 5). County Court apparently assessed the credibility of the witnesses, and in doing so it exceeded the limited power of review permitted it in parole matters. Upon finding that there was evidence in the record which, if believed, was sufficient to support a finding of probable cause, and that required procedural rules were followed (see *Morrissey v Brewer,* 408 US 471), the court's power to review was exhausted and it should have dismissed the writ (see *People ex rel. Dowdy v Smith,* 65 AD2d 285; *People ex rel. West v Vincent,* 46 AD2d 782). (Appeal from judgment of Monroe County Court—habeas corpus.) Present—Simons, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.