THE PEOPLE OF THE STATE OF NEW YORK ex rel. GLENN E. VAN FOSSEN, Appellant, v JOHN C. DILLON, as Sheriff of Onondaga County, et al., Respondents.

Fourth Department, January 24, 1980

## APPEARANCES OF COUNSEL

*Karl Rice* for appellant.

*Robert Abrams, Attorney-General (Anne Meadvin* of counsel), for Edward Hammock, respondent.

### OPINION OF THE COURT

CALLAHAN, J.

Petitioner was conditionally released from prison in April, 1978 after serving three years of an indeterminate sentence having a minimum of two and one-half years and a maximum of five years. One of the conditions of petitioner's conditional release on parole was that he "avoid the excessive use of alcoholic beverages" and, if so directed by his Parole Board or his parole officer, he would "abstain completely from the use of alcoholic beverages". Thereafter, on or about October, 1978, petitioner was found delinquent for having violated this condition of his release on parole, but the delinquency was canceled by a decision of the Parole Board, dated November 16, 1978, which restored petitioner to parole supervision on a "last chance basis". Pursuant to this decision, petitioner signed a special conditional release agreement which provided an acknowledgment that petitioner's parole officer had imposed upon him, as a condition of his parole, "a prohibition against the use of alcoholic beverages" and that such use on petitioner's part would be considered "a violation of parole". On March 30, 1979, petitioner was arrested on a parole violation detainer warrant on which he is presently being held. The notice of violation contained three charges, including a charge that on March 29, 1979, petitioner failed to abstain completely from the use of alcoholic beverages as directed by the Parole Board on November 16, 1978.

A preliminary violation hearing was held on April 9, 1979 wherein petitioner was represented by counsel. The hearing officer took testimony from two parole officers who testified that they observed petitioner drinking alcohol and beer in a tavern on March 29, 1979. Petitioner called three witnesses who testified that they were with petitioner on that evening and that he was not drinking anything other than ginger ale. Although the testimony as to whether petitioner was drinking alcohol on the evening in question was in conflict, the hearing officer ruled that based upon the credible testimony of the two parole officers, there was probable cause established with

respect to charge number one. The hearing officer made no decision with regard to the other charges but ruled that this did not preclude consideration of all three charges at a final parole revocation hearing.

Prior to the scheduling of a final parole revocation hearing, petitioner, on April 17, 1979, instituted this habeas corpus proceeding, claiming that he had been denied his constitutional rights and due process of law at the preliminary hearing because (1) the parole officers had continued interrogating him following his arrest after he informed them that he wanted an attorney present and did not want to talk to them; (2) that he requested but was refused a breathalyzer test for alcohol following his arrest; and (3) he was limited as to the scope of his cross-examination of witnesses presented against him at the preliminary hearing.

Special Term denied petitioner's application for a writ of habeas corpus, ruling that the writ was premature inasmuch as petitioner had failed to exhaust his administrative remedies as provided under section 259-i of the Executive Law. The court further denied petitioner's application for restoration to his former parole supervision status but ruled that petitioner's final revocation hearing should be expedited and held as soon as is reasonably possible. It is from this order that petitioner appeals.

■ ■ It is well established that habeas corpus is a proper remedy for review of parole revocation proceedings *(People ex rel. Menechino v Warden, Green Haven State Prison,* 27 NY2d 376; *People ex rel. Newcomb v Metz,* 64 AD2d 219; *People ex rel. Warren v Mancusi,* 40 AD2d 279). Special Term thus erred in refusing to consider petitioner's writ of habeas corpus on its merits and in denying the writ for failure of petitioner to exhaust his administrative remedies. However, were we to remand this matter to Special Term at this stage of the parole revocation proceedings, that court would have only limited power of review permitted *(People ex rel. Wallace v State of New York,* 67 AD2d 1093, 1094). Under the provisions of the statute, actions of the Parole Board are judicial functions and are not reviewable if performed in accordance with law (Executive Law, § 259-i, subd 5; *People ex rel. Wallace v State of New York, supra).* Upon finding that there was evidence in the record which, if believed, was sufficient to support a finding of probable cause and that required procedural rules were followed (see *Morrissey v Brewer,* 408 US

471), the court's power to review is exhausted and it must dismiss the writ *(People ex rel. Wallace v State of New York, supra).*

■ ■ Upon our review of the record, we find that the evidence before the hearing officer was sufficient to permit him to find that petitioner had violated the terms of his conditional release on parole by failing to abstain from alcoholic beverages. The hearing officer apparently credited the testimony of the two parole officers who testified that they directly observed petitioner drinking alcoholic beverages at a local tavern on March 29, 1979. Inasmuch as the standard of proof at a preliminary hearing is "probable cause" (Executive Law, § 259-i, subd 3, par [c], cl [iv]), the evidence before the hearing officer clearly met that standard (see *People v Rodger,* 28 AD2d 625). Furthermore, we find that required procedural rules were followed; the preliminary hearing was timely commenced within 15 days after execution of the parole violation warrant (Executive Law, § 259-i, subd 3, par [c], cl [i]); and the procedural safeguards accorded an alleged parole violator by statute were followed. The hearing officer reviewed the violation charges with petitioner, directed the presentation of evidence concerning the alleged violation, received the statements of witnesses and documentary evidence on behalf of the prisoner, and allowed cross-examination of those witnesses in attendance (Executive Law, § 259-i, subd 3, par [c], cl [v]). Petitioner's claim that his right to cross-examine at the hearing was unconstitutionally restricted is not supported by the record. While the hearing officer did restrict one question posed by petitioner's counsel on cross-examination of the parole officer as to what he was doing in the Syracuse area, this court has recognized that the Parole Board may limit any cross-examination "to the precise factual issue of the stated violation" *(People ex rel. Gaskin v Smith,* 55 AD2d 1004, 1006).

Accordingly, there was sufficient evidence to support a finding of probable cause. Petitioner's application for a writ of habeas corpus, therefore, should have been denied. Special Term properly directed that a final revocation hearing should be expedited and held as soon as is reasonably possible, without immediately restoring petitioner to parole supervision status *(People ex rel. Mathews v Henderson,* 69 AD2d 991).

HANCOCK, JR., J. P., SCHNEPP, DOERR and WITMER, JJ., concur.

Judgment unanimously affirmed.