THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE WALKER, Appellant, v EDWARD HAMMOCK, as Chairman of the New York State Board of Parole, et al., Respondents.

Fourth Department, January 23, 1981

APPEARANCES OF COUNSEL

Onondaga Neighborhood Legal Services, Inc. (Susan Finkelstein of counsel), for appellant.

Robert Abrams, Attorney-General (Michael J. Pekarsky of counsel), for Edward Hammock, respondent.

OPINION OF THE COURT

SCHNEPP, J.

In this habeas corpus proceeding petitioner seeks restoration to parole supervision following its revocation by the Division of Parole. Petitioner was paroled from Green Haven Correctional Facility on December 6, 1979 where he had been serving an indeterminate sentence with a maximum of 10 years and a minimum of 2 years which was imposed on June 22, 1976 following a conviction for first degree robbery in which the use of a .20 gauge shotgun was involved. On January 11, 1980 petitioner was arrested for possessing a .12 gauge sawed-off shotgun (Penal Law, § 265.02). It was later determined that the shotgun was inoperable because its firing pin was broken and the criminal charge was dismissed on motion of the District Attorney on April 8, 1980.

On January 18, 1980 petitioner was charged with the following violations of specific conditions of his parole arising from the January 11, 1980 incident: (1) possession of a weapon, namely the .12 gauge sawed-off shotgun; (2) failure to live a law-abiding life and to conduct himself as a good citizen; and (3) behaving in a manner constituting a menace to the welfare and safety of society. After a finding of probable cause, a final parole revocation hearing was conducted on March 26, 1980 before a hearing officer. At the hearing a police officer testified as to the circumstances which led to the petitioner's arrest and other witnesses called by petitioner offered conflicting accounts of the incident. Petitioner was notified of the final revocation decision on May 14, 1980. The first and second charges were dismissed because the gun was inoperable and the

third charge was sustained upon the finding that petitioner intended to purchase a sawed-off shotgun and, thus, was attempting to violate the rules of parole specified in charges one and two, and that his conduct constituted a serious menace to the welfare and safety of society despite the inoperability of the weapon. The hearing officer concluded that an attempt to possess a sawed-off shotgun by a person already convicted of robbery involving the use of a weapon "is tantamount to a return to the same criminal ways for which the person had been convicted", and that there was no proof in the record to indicate that petitioner knew that the weapon was not operable.

Petitioner argues that the violation charging him with behavior constituting a menace to society should have been dismissed along with the other charges and that the court should review the Parole Board's decision and restore him to parole supervision because, *inter alia*, there was insufficient evidence as a matter of law to support the Parole Board's determination since the charges stemmed from possessing a shotgun which was inoperable and is not a weapon as a matter of law. Further, he contends that he did not receive notification of the final revocation hearing decision "[a]s soon as practicable" (9 NYCRR 8005.20 [f]).

██ Although our scope of review is limited by subdivision 5 of section 259-i of the Executive Law, which provides that "[a]ny action by the board pursuant to this article shall be deemed a judicial function and shall not be reviewable if done in accordance with law", the court may examine the record to determine if the required procedural rules were followed and if there is any evidence which, if believed, would support the Parole Board's determination, but the court may not make its own determinations based on its assessment of the credibility of the witnesses *(People ex rel. Wallace v State of New York,* 67 AD2d 1093; see *People ex rel. Van Fossen v Dillon,* 72 AD2d 166).

 A parole revocation hearing is not a criminal trial but rather is in the nature of an administrative hearing to determine whether a parolee has violated the conditions of his parole *(People ex rel. Maggio v Casscles,* 28 NY2d

415, 418). It is an accusatory proceeding in which the outcome depends upon the factual determination of the truth of specific allegations of misconduct *(People ex rel. Warren v Mancusi*, 40 AD2d 279, 281-282). Charges at a final revocation hearing must be proven by a preponderance of the evidence *(People ex rel. Wallace v State of New York, supra)*. Here the question is whether there is sufficient evidence in the record to permit the hearing officer to conclude that petitioner possessed the inoperable sawed-off shotgun and that such possession constituted a menace to society and a breach of this condition of his parole. Upon review of the record, we find that the evidence before the hearing officer was sufficient in both regards. The hearing officer credited the testimony of the police officer to the effect that he observed petitioner hand money to another man and then drop an object to the ground. The officer testified that the transaction occurred in a partially illuminated alleyway from which petitioner emerged following the transaction. The officer approached petitioner and accompanied him back into the alleyway to the site of the transaction where the officer discovered the shotgun. Although contradictory testimony was presented in an endeavor to exonerate petitioner, the hearing officer may and did credit one version of the facts over another (see *People ex rel. Van Fossen v Dillon*, 72 AD2d 166, *supra)*. Petitioner's intent to purchase an operable weapon and the operability of the weapon need not be established in this instance to merit a determination of parole revocation since possession of an inoperable .12 gauge sawed-off shotgun by a person in petitioner's circumstances must be deemed menacing behavior to the welfare and safety of society at large and a violation of a condition of petitioner's parole, as the hearing officer determined.

The basic issue before the court is whether a revocation of parole may be sustained by proof that petitioner possessed an inoperable weapon which in itself is not a criminal offense. We hold that petitioner's possession of the inoperable sawed-off shotgun, as found by the hearing officer, is a violation of his parole although not a criminal offense and that conduct of a parolee which is less than criminal conduct may result in a revocation of parole where such conduct is proscribed by the conditions imposed by his

parole (see *People ex rel. Van Fossen v Dillon*, 72 AD2d 166, 169, *supra*).

■ Finally, the claim by petitioner that the doctrine of repugnant verdicts is applicable in parole revocation proceedings and that the finding of guilt on charge three in the instant case is repugnant to the findings of innocence on charges one and two is without merit. Assuming, *arguendo*, that the doctrine applies, the hearing officer's findings were not inconsistent. While charges one and two required proof that the gun was operable, no such proof was necessary with respect to the third charge which only required proof that petitioner's behavior constituted a menace to society which the hearing officer could reasonably have concluded in the circumstances of this case.

■ Petitioner's contention that the Division of Parole failed to notify him of its decision "[a]s soon as practicable" (9 NYCRR 8005.20 [f]) is meritless. We agree for the reasons stated by Special Term that the 50-day delay in providing the petitioner with notice of the Parole Board's decision was reasonable. The instant case was not simple and clear-cut but rather time-consuming in all phases of evidence taking and deliberation (see *Lee v Syracuse Area Parole Off.*, 77 AD2d 815). Four witnesses at the final revocation hearing gave conflicting testimony in 50 pages of transcript; petitioner's counsel moved to dismiss all charges based on the law and submitted a memorandum in connection therewith; numerous exhibits were introduced and recorded testimony was used to impeach the testimony of the police officer; and the hearing was conducted by a hearing officer rather than a Parole Board member, thereby necessitating further administrative processing and additional time.

We have examined the other contentions raised by petitioner on this appeal and also find them to be without merit.

The judgment should be affirmed.

DILLON, P. J., CARDAMONE, DOERR and MOULE, JJ., concur.

Judgment unanimously affirmed.