■ In the Matter of Clyde Collins, Jr., Respondent, v Edward R. Hammock, as Chairman of the New York State Division of Parole, Appellant. — Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, and matter remitted to appeals unit of the Board of Parole, for further proceedings, in accordance with the following memorandum: Petitioner brought this CPLR article 78 proceeding challenging the final appellate determination of the Parole Board denying him parole release. Special Term correctly found that respondent failed to supply a "verbatim record" of the proceedings (Executive Law, § 259-i, subd 6), but erred in finding that such omission requires a *de novo* hearing by the board. In providing for procedures to be followed by the Board of Parole the Legislature has required that "[t]he board shall provide for the making of a verbatim record of each interview,

parole release hearing, preliminary hearing, revocation hearing and appeal" (Executive Law, § 259-i, subd 6). No further explanation is given as to what constitutes a "verbatim record" of an appeal. The role of the judiciary is sharply restricted in reviewing actions of the Parole Board which are deemed to be "a judicial function and shall not be reviewable if done in accordance with law" (Executive Law, § 259-i, subd 5; *People ex rel. Van Fossen v Dillon,* 72 AD2d 166, 168-169). Thus, common sense dictates that the purpose of the statutory "verbatim record" is to make possible meaningful judicial review to determine if the actions of the board were, in fact, in accordance with law. The record should contain a statement of appearances by parties or counsel, if any; a transcript of any testimony taken; the names of the members of the appeal board as well as the names of the members of the board who participated in the decision from which the appeal is taken (see Executive Law, § 259-i, subd 4, par [a]); a copy of all pleadings employed to bring or contest the appeal; a statement of which documents were relied on; the issues considered by the appeals board; and their findings (see *Matter of Dow v Hammock,* 118 Misc 2d 462). Contrary to petitioner's assertions, the "verbatim record" required by statute need not include a transcript of the internal deliberations of the appeals board. The record herein is insufficient to make the necessary review and the matter is remitted to the appeals unit of the Board of Parole for re-examination of its decision and preparation of the required record. (Appeal from judgment of Supreme Court, Wyoming County, Green, J. — art 78.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.