■ In the Matter of ELIJAH WILLIAMS, Respondent, v EDWARD R. HAMMOCK, as Chairman of the New York State Division of Parole, Appellant. — Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, and matter remitted to appeals unit of the Board of Parole for further proceedings, in accordance with the following memorandum: Special Term ordered a *de novo* parole release hearing for petitioner, ostensibly after a Board of Parole appeals unit affirmed a determination of the Parole Board denying parole release to petitioner after his initial appearance before the board. We are compelled to modify judgment in accordance with our decision in *Matter of Collins v Hammock* (96 AD2d 733). We further point out that the record presented to us by appellant is so inadequate that it is virtually useless for the purposes of judicial review. Nowhere in the record does there appear any decision of the Parole Board denying release to petitioner after his initial appearance along with the reasons therefor (Executive Law, § 259-i, subd 2). The record is similarly silent as to the proceedings before the appeals unit of the board (Executive Law, § 259-i, subd 4) or the determination of that unit. We are required to speculate on what has transpired making meaningful judicial review impossible. The transcript of proceedings before Special Term indicates that a copy of the minutes of the Parole Board hearing was offered and received in evidence without objection, but these minutes are not contained in the record on appeal. At oral argument before Special Term as to the meaning of "verbatim record", as set forth in the statute (Executive Law, § 259-i, subd 6), the Attorney-General stated that "[w]e interpret that to mean a reviewable record by the Administrative body or the Court of Law to determine if the appeal process instituted by the Division of Parole is in compliance with its own rules and regulations." Despite this assertion, he has failed to provide us with an adequate record on appeal (CPLR 5526). This case highlights the need for the record described in *Matter of Collins v Hammock* (96 AD2d 733, *supra*), and we remit the case for preparation of a proper record. We have considered petitioner's other contentions, not ruled on by Special Term, and find them without merit (see *Matter of Russo v New York State Bd.*

*of Parole,* 50 NY2d 69, 77). (Appeal from judgment of Supreme Court, Wyoming County, Ricotta, J. — art 78.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.