■ In the Matter of WILLIE MAPLE, SR., Respondent, v EDWARD R. HAMMOCK, as Chairman of the New York State Division of Parole, Appellant. — Judgment unanimously reversed and petition dismissed. Memorandum: The judgment appealed from, nullifying a decision of the Board of Parole dated January 5, 1982, must be reversed. Although not argued on appeal, the record before us discloses in a document attached to the petition and headed "Statement of Appeals Unit Findings" that the appeals unit reversed the board's original determination and afforded petitioner a new parole release appearance. Petitioner, therefore, is already entitled to a *de novo* hearing and there was no need for judicial intervention. We add only that in the conduct of future proceedings, the principles enunciated in *Matter of Collins v Hammock* (96 AD2d 733) with regard to a verbatim record (Executive Law, § 259-i, subd 6) must be complied with. (Appeal from judgment of Supreme Court, Wyoming County, Sedita, J. — art 78.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.

■ In the Matter of ANGEL ORTIZ, Respondent, v EDWARD R. HAMMOCK, as Chairman of the New York State Division of Parole, Appellant. — Judgment unanimously modified in accordance with memorandum and, as modified, affirmed and matter remitted to the Board of Parole, for further proceedings, in accordance with the following memorandum: Petitioner brought this proceeding to contest his denial of parole. The record before us contains nothing to indicate what action, if any, was taken by the appeals unit. If petitioner bypassed this step, then his action is premature for failure to exhaust his administrative remedies (Executive Law, § 259-i, subd 4; 9 NYCRR 8006.1). There are other serious problems with this record which make it impossible for us to undertake meaningful review. Petitioner had two parole release hearings, one in February of 1980 and another in February, 1982. Parole was denied both times in part because petitioner was not yet eligible for parole, and each time he was held for another 24 months. It was unlawful for the Parole Board to deny petitioner parole release on the grounds that he was not yet eligible and then to hold him over for 24 months. Petitioner has a statutory right to a parole release hearing one month prior to the date he first becomes eligible for parole (Executive Law, § 259-i, subd 2, par [a]). The effect of respondent's actions is to deny petitioner a timely hearing. From the record before us, it is impossible to ascertain petitioner's parole eligibility date because we do not know what MPI was fixed for the 1975 sentence, to which a 1978 sentence was ordered to run consecutively. Therefore, we remit this matter to respondent to compute the proper eligibility date and to afford petitioner a hearing accordingly. Finally, we disagree with the finding of Special Term that "seriousness of the offense" may not be given primary consideration on a second parole release hearing in a case in which the court fixed the minimum sentence. To the extent that the direction contained in the regulations (9 NYCRR 8002.3 [b]) may be interpreted to prohibit consideration of "seriousness of the crime" as a guideline in subsequent parole release hearings, such interpretation is in conflict with the statute (Executive Law, § 259-i, subd 2, par [c]) and is erroneous (see *Matter of Marturano v Hammock,* 87 AD2d 732, mot for lv to app den 56 NY2d 506). We add only that in the conduct of future proceedings, the principles enumerated in *Matter of Collins v Hammock* (96 AD2d 733) with regard to a verbatim record (Executive Law, § 259-i, subd 6) must be complied with. (Appeal from judgment of Supreme Court, Wyoming County, Sedita, J. — habeas corpus.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.