■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAFAEL ROSADO, Appellant, v CHARLES JAMES, as Superintendent of Collins Correctional Facility, et al., Respondents.—Judgment unanimously affirmed. Memorandum: Petitioner was released on parole from prison on January 21, 1986 after serving approximately 2½ years of an indeterminate sentence having a minimum of two years and a maximum of four years imposed upon his conviction of burglary in the third degree. Following his release on parole, he was declared delinquent and was taken into custody on March 14, 1986.

A preliminary parole revocation hearing was held on March 28, 1986 at which time petitioner challenged the adequacy and timeliness of his receipt of the notice of the specified charges. The parole officer testified that petitioner was falling asleep constantly and was "out of it" at the time of his arrest on the parole violation detainer warrant. Petitioner signed all the necessary documents, the parole officer then placed the documents in a manila envelope and put the envelope in petitioner's jacket pocket. Petitioner failed to explain his less than fully conscious state at the preliminary hearing. The Hearing Officer found that petitioner was given written notice of the time, place and purpose of the hearing and of the specified charges, in compliance with Executive Law § 259-i (3) (c) (iii)

and in accordance with petitioner's due process rights. He then found "probable cause" to sustain charge No. 1 that petitioner failed to report. A final parole revocation hearing was held before a Hearing Officer on May 27, 1986 and his recommendation was affirmed by the Parole Board, sustaining the charge that petitioner failed to report.

Petitioner commenced this habeas corpus proceeding. It is well established that habeas corpus is a proper remedy for review of parole revocation proceedings *(People ex rel. Menechino v Warden,* 27 NY2d 376; *People ex rel. Van Fossen v Dillon,* 72 AD2d 166). Its purpose is to test the legality of the detention of the person who is the subject of the writ and it is a summary proceeding to secure personal liberty *(People ex rel. Robertson v New York State Div. of Parole,* 67 NY2d 197, 201).

The issue of whether petitioner received adequate and timely notice of the specified charges is a question of fact which was resolved against petitioner at the preliminary parole revocation hearing *(see, People ex rel. Walker v New York State Bd. of Parole,* 98 AD2d 33, 36). Under the provisions of the statute, actions of the Parole Board are judicial functions and are not reviewable if performed in accordance with law (Executive Law § 259-i [5]; *People ex rel. Van Fossen v Dillon, supra; People ex rel. Wallace v State of New York,* 67 AD2d 1093). Upon a finding that there was evidence in the record which, if believed, was sufficient to support the finding of the Hearing Officer and that required procedural rules were followed *(see, Morrissey v Brewer,* 408 US 471), the court's power to review is exhausted and it must dismiss the writ *(People ex rel. Van Fossen v Dillon, supra).*

Upon our review of the record, we find that the evidence before the Hearing Officer was sufficient to permit him to find that petitioner was given written notice of the charges on the day he was arrested. He credited the parole officer's testimony as he was entitled to do. Accordingly, petitioner's application for a writ of habeas corpus was properly denied. (Appeal from judgment of Supreme Court, Erie County, Wolf, J.—habeas corpus.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Davis, JJ.