OPINION OF THE COURT
Peter P. Rosato, J.
By way of writ of habeas corpus, petitioner seeks to annul a finding of probable cause made following a preliminary hearing held on January 17, 1989 and to vacate the underlying warrant. Probable cause was found at that time solely based on petitioner’s admission that he had failed to report to his reporting station.
As reflected in respondent’s opposing affidavit, it is uncon *1038 troverted that a parole warrant was executed herein on January 4, 1989 and that petitioner was not afforded timely written notice of his January 17, 1989 preliminary hearing. However, respondent argues that the minutes of the January 17, 1989 preliminary hearing reflect that petitioner did not deny receiving verbal notice of same. Respondent also argues, based on a copy of a memorandum from Parole Officer M. Bauer dated April 17, 1989, three months subsequent to the date of the preliminary hearing, that on or about January 4, 1989 petitioner was orally advised by Parole Officer Bauer of a January 17, 1989 preliminary hearing date. Thus, respondent argues, having received actual notice of the preliminary hearing date, albeit verbal in form, petitioner cannot be heard to complain of any due process violation.
9 NYCRR 8005.6 (a) provides, in pertinent part, that insofar as a preliminary hearing is concerned, "[a]n alleged violator shall be notified in writing within three days after the execution of a warrant of the time, place and purpose of the hearing.” (Emphasis added.) In the instant case, two points should be made. First, and notwithstanding the argument advanced by respondent, the minutes of the January 17, 1989 preliminary hearing reflect that petitioner denied receiving any notice of the January 17, 1989 hearing date. Moreover, the Hearing Officer noted at the conclusion of the aforementioned January 17, 1989 preliminary hearing "that it appears that Mr. Blackburn was not given written or verbal notice of the date” of the preliminary hearing. (Emphasis added.) In any event, the inquiry as to whether or not petitioner received verbal notice appears to be rather immaterial. As pointed out above, the applicable law (Executive Law § 259-i [3] [c] [iii]; 9 NYCRR 8005.6) requires that the parolee receive written notice of the preliminary hearing. Those provisions clearly have been violated herein.
This court’s research discloses precious few appellate cases which to any degree discuss violations of the notice requirements pertaining to preliminary hearings. (See, People ex rel. Frost v Meloni, 124 AD2d 1032 [4th Dept 1986]; and see, People ex rel. Rosado v James, 134 AD2d 943 [4th Dept 1987].) In Frost (supra), service on what would have been the fourth day following execution of the warrant was permitted only because the three-day period provided by Executive Law § 259-i (3) (c) (iii) had expired on a Sunday; therefore, service on the next business day was deemed timely. However, this court recognizes that other time periods contained in the Executive *1039 Law, i.e., the 14-day notice requirement pertaining to final hearings, as well as the 90-day period within which a final revocation hearing must be held, are strictly construed. (See, i.e., People ex rel. Smith v New York State Bd. of Parole, 131 AD2d 401 [1st Dept 1987], and cases cited therein.) In view of this strict over-all construction given the various provisions of the Executive Law, and given that written notice herein concededly was not provided to petitioner, this court would grant petitioner’s application.
Accordingly, the instant writ is granted, the underlying warrant is vacated, and provided no other detainer is presently pending against petitioner, petitioner is to be released forthwith.