OPINION OF THE COURT
Anthony A. Scarpino, Jr., J.
This is a habeas corpus proceeding wherein petitioner contends that there was insufficient evidence to support the probable cause determination made after a preliminary hearing. The petition is granted, and the petitioner is hereby restored to parole pending further action by the New York State Division of Parole.
Petitioner was incarcerated pursuant to a judgment of conviction rendered in the State of Connecticut. Petitioner was paroled on July 15, 1988, with a maximum expiration date of June 5, 1992. Thereafter, the responsibility for his parole supervision was transferred to the respondent in accordance with the Uniform Act for Out-of-State Parolee Supervision (Executive Law § 259-m). Rule six of the Connecticut Conditions of Parole states, "I will notify my parole officer within 48 hours if at any time I am arrested for any offense.” Rule six of the New York Certificate of Release to Parole Supervision states, "I will notify my Parole Officer immediately anytime I am in contact with or arrested by any law enforcement agency.” There is no evidence that petitioner ever executed or received a copy of the New York Certificate of Release.
The uncontroverted facts adduced at the hearing indicate that petitioner was detained by police on Friday, October 5, 1990, at or about 2:00 p.m. He was permitted to make one phone call. He called his father. Petitioner’s father is an attorney. During the period of petitioner’s detention and subsequent arrest, he repeatedly asked police authorities for permission to contact his parole officer. These requests were denied. Petitioner was released from custody after posting bond at approximately 9:30 p.m., on October 5th. He immediately attempted to call his parole officer. The parole officer had left the office at around 12:30 p.m. on that date, and the office had closed at 4:45 p.m.
The parole office remained closed throughout the Columbus Day holiday weekend encompassing October 6th, 7th and 8th. The parole office does not have a message machine and *743 respondents concede that petitioner could not have contacted his parole officer during the three-day weekend. Nevertheless, petitioner attempted to call the parole office on Saturday, October 6th, and Sunday, October 7. The parole office did not reopen until 8:00 a.m. on October 9, 1990.
On October 9, 1990, and prior thereto, petitioner was attending Westchester Community College and was enrolled in a work-study type program in the Radiology Department of the Westchester County Medical Center. On that date petitioner arrived at work at 8:25 a.m., and, according to his testimony, was immediately confronted with an "emergency”. The "emergency” lasted until 12:00 noon at which time petitioner went out to lunch. Petitioner returned from lunch at approximately 12:50 p.m. Parole Officer McKinley was waiting with a warrant, and petitioner was taken into custody on the instant violation.
A preliminary hearing was conducted on October 16, 1990. At the conclusion of the hearing, the Hearing Officer held that there was probable cause to believe that petitioner violated his parole in that petitioner had an "opportunity” during his "lunch hour” to notify his parole officer of the arrest, but failed to do so. On the same date, the Hearing Officer issued a written decision. The written decision does not state the reasons for the determination, nor does it sufficiently state the evidence relied upon (see, Executive Law § 259-i [3] [c] [vi], and discussion infra, at 745).
Several other facts are noteworthy. First, on October 5, 1990, petitioner posted bail on the underlying New York charges. Therefore, his subsequent incarceration on October 9th, and until the present time is based solely upon the pending violation of his Connecticut parole. Secondly, since petitioner is an out-of-State parolee, he is not entitled to a final revocation hearing within 90 days of the preliminary hearing (People ex rel. Schouenborg v Flood, 94 AD2d 751). His right, if any, to a final hearing is a matter of Connecticut law, which may be adjudicated upon his eventual return to that State. Finally, the facts alleged in the underlying New York charges and the arrest itself provide ample grounds upon which a parole revocation proceeding could be commenced. However, only the "failure to report” charge was addressed at the preliminary hearing.
Habeas corpus is a proper remedy for review of parole revocation proceedings (People ex rel. Menechino v Warden, 27 *744 NY2d 376), including preliminary revocation proceedings (see, People ex rel. Van Fossen v Dillon, 72 AD2d 166). "Upon an application following a preliminary hearing, the court’s power of review is limited to determining whether the evidence was sufficient to support the Hearing Officer’s determination and, having established that it was, deciding whether the required procedural rules were followed” (People ex rel. Watson v Commissioner of New York City Dept. of Corrections, 149 AD2d 120, 125, citing People ex rel. Wallace v State of New York, 67 AD2d 1093). In the context of this preliminary revocation proceeding, the issue is whether the evidence in the record provides probable cause to believe that the parolee violated a condition of his parole in an important respect (Executive Law § 259-i [3] [c] [iv]).
The testimony demonstrates that petitioner failed to notify parole of his arrest for a period of 95 hours after the arrest (from 2:00 p.m., on October 5, 1990, until approximately 1:00 p.m., on October 9, 1990). The testimony also establishes that police procedures and parole office policies prevented petitioner from making notification for a period of 90 hours (from 2:00 p.m., on October 5, 1990, until 8:00 a.m., on October 9, 1990). Furthermore, the Hearing Officer accepted as credible petitioner’s testimony that he was unable to make notification for four hours due to a work-related "emergency” (from 8:00 a.m. to 12:00 noon on October 9, 1990). Thus, the petitioner’s "opportunity” to notify parole occurred between 12:00 noon and 12:50 p.m., on October 9, 1990.
This court holds that the petitioner’s failure to notify his parole officer of the prior arrest within the 50-minute window of opportunity available to him does not evidence a parole violation "in an important respect.” To hold otherwise would render meaningless the statutory requirement that a violation of a condition of parole must be "in an important respect.” It is the view of this court that in order to justify the retaking and continued detention of a parolee, Executive Law § 259-i (3) (c) (iv) requires more than a mere technical or de minimis violation.
This is not to say that a failure to report an arrest is not an important violation. Clearly it is (compare, People ex rel. Kitt v Walters, 87 AD2d 853; People ex rel. Allah v New York State Bd. of Parole, 158 AD2d 328). This court merely holds that under the unique facts presented, there is no probable cause to believe that petitioner violated a condition of his parole in an important respect. Specifically, this court cannot reconcile *745 the conflicting policies employed by respondents in this case. On the one hand, they prevented petitioner from making notification except during regular business hours. This policy caused a delay of days. This extensive delay could have been simply avoided by maintaining a telephone answering machine. On the other hand, they demand "immediate” notification and issued a warrant for retaking after petitioner’s 310-hour failure to notify.
If respondents choose to require immediate notification, then they must bear the responsibility of making immediate notification possible.
As a separate ground for granting the petition, the court finds that the Hearing Officer’s written decision fails to conform with the requirements contained in Executive Law § 259-i (3) (c) (vi). First, the Hearing Officer failed to state the reasons for his determination (see, Matter of Jackson v Hammock, 82 AD2d 888). In addition, the Hearing Officer failed to adequately state the evidence upon which he relied. The decision does state that it is "based upon the credible testimony of P.O. McKinley”. However, on the crucial issue of whether the petitioner was in fact arrested, the parole officer’s testimony is hearsay, in that it is based entirely upon a telephone conversation with Lieutenant Arruda. Of course, the petitioner testified and fully admitted that he had been arrested. Thus, the evidence regarding petitioner’s arrest was sufficient only if the Hearing Officer relied, at least in part, upon petitioner’s testimony.
In accordance with the above, the petition is granted and the petitioner is hereby restored to parole pending any further action by the New York State Division of Parole.