■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DOMINICK GRIMALDI, Appellant, v WARDEN, C-95, RIKERS ISLAND, et al., Respondents.—Judgment, Supreme Court, Bronx County (Burton Hecht, J.), rendered on November 13, 1990, dismissing the Petition for a writ of *habeas corpus,* unanimously affirmed, without costs.

Upon examination of the record, we find no basis for interfering with the discretion of the Parole Board in revoking Petitioner's parole and returning him to custody as there was ample evidence in the record to sustain the Board's determination *(People ex rel. Van Fossen v Dillon,* 72 AD2d 166, 168).

It is well settled that actions by the Board of Parole are judicial functions and are not reviewable if performed in accordance with law (Executive Law § 259-i [5]; *People ex rel. Van Fossen v Dillon, supra,* at 168).

Specifically, the record at the final parole revocation hear-

ing reveals that the Petitioner's accomplice, Dominick Faraci, credibly testified that during the period from November of 1988 to March of 1989 he made a series of purchases of the narcotic drug cocaine from the Petitioner, who knew that Faraci had a criminal history. The record reveals that Petitioner's counsel had an ample opportunity to cross-examine Faraci.

Moreover, there is no statutory basis for Petitioner's claim that he was entitled to *Brady* material and corroboration of accomplice Faraci's testimony pursuant to CPL 60.22 (1) since the Criminal Procedure Law, in this instance, has no application to parole revocation hearings, which have been deemed administrative in nature *(People ex rel. Maiello v New York State Bd. of Parole,* 65 NY2d 145, 147; *People ex rel. Piccarillo v New York State Bd. of Parole,* 48 NY2d 76, 80). Thus, the Hearing Officer could credit the accomplice's testimony although unsupported by corroborative evidence within the meaning of CPL 60.22 (1) *(Matter of Berenhaus v Ward,* 70 NY2d 436, 443).

Finally, we find that the transcripts of the proceedings satisfied the statutory requirement of a "verbatim record", thereby making possible meaningful judicial review to determine if the actions of the Board were, in fact, in accordance with law (Executive Law § 259-i [6]; *Matter of Collins v Hammock,* 96 AD2d 733, 734).

We have reviewed the Petitioner's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Carro, Ellerin and Asch, JJ.