■ The People of the State of New York ex rel. Christopher Gillispie, Appellant, v Warden of House of Detention for Men et al., Respondents. [594 NYS2d 184] —Judgment of the Supreme Court, Bronx County (John Byrne, J.), entered on or about July 24, 1991, dismissing petitioner's writ of habeas corpus, is unanimously affirmed, without costs or disbursements.

Petitioner was released to parole supervision on April 26, 1989 after having served concurrent sentences of 5 to 10 years and 4½ to 9 years for the crimes of robbery in the second degree and attempted robbery in the first degree. Thereafter, on the morning of October 3, 1990, a .22 caliber handgun was recovered by the police from a clothes hamper in petitioner's bedroom on the second floor of a house at 669 St. Johns Place

in Brooklyn where his grandmother and girlfriend also apparently resided. Other firearms and live ammunition were seized from various locations in the house, as well as a quantity of marijuana, cocaine and scales. However, the ensuing parole revocation charge that was sustained was based upon the gun found in petitioner's bedroom; the remaining charges concerning the weapons and ammunition discovered elsewhere in the residence were dismissed.

In challenging his parole revocation, petitioner contends that there was no proof that the weapon removed from his bedroom was operable notwithstanding that the charge relating thereto specified its operability. In that regard, it should be noted that petitioner's counsel did not raise this issue at the revocation hearing and never objected to the failure of respondent New York State Division of Parole to introduce a ballistics report. Since the operability of the .22 caliber handgun was never advanced at the hearing, it is not preserved for review. Moreover, while a parolee is certainly entitled to due process rights at a revocation hearing *(People ex rel. McGee v Walters,* 62 NY2d 317; *People ex rel. Matthews v New York State Div. of Parole,* 58 NY2d 196), it is "recognized that a parole revocation hearing is different from a criminal trial conducted to determine guilt or innocence, and is, instead, an administrative proceeding at which it is determined whether a parolee violated the terms of parole" *(People ex rel. Maiello v New York State Bd. of Parole,* 65 NY2d 145, 147; *see also, People ex rel. Grimaldi v Warden,* 174 AD2d 497, *lv denied* 78 NY2d 858).

An examination of the record herein does not reveal any ground for interfering with the discretion of respondent in revoking petitioner's parole as there was ample evidence to support its determination *(see, People ex rel. Grimaldi v Warden, supra).* Not only did petitioner fail to challenge the operability of the subject gun, but even the possession of an inoperative weapon may still constitute a violation of parole *(People ex rel. Walker v Hammock,* 78 AD2d 369). Accordingly, petitioner's writ of habeas corpus was properly dismissed. Concur—Milonas, J. P., Wallach, Asch and Rubin, JJ.