■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VRADEN BRANCH, Appellant, v WILLIAM BARNES et al., Respondents. [605 NYS2d 479] —Crew III, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered January 11, 1993 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, after a hearing.

Although a habeas corpus proceeding is generally the appropriate means to challenge a revocation of parole, such a remedy is not available where, as here, petitioner is not entitled to immediate release from custody *(see, e.g., People ex rel. Dell v Walker,* 186 AD2d 1043, *lv denied* 81 NY2d 702). Petitioner's appropriate procedural remedy, as recognized by the parties, is a CPLR article 78 proceeding, and we therefore convert the petition *(see, supra; see also,* CPLR 103 [c]).

On the merits, contrary to petitioner's assertion, possession of an inoperable weapon may indeed constitute a violation of parole *(see, People ex rel. Gillispie v Warden of House of Detention for Men,* 191 AD2d 161, 162; *People ex rel. Walker v Hammock,* 78 AD2d 369, 372-373). As there is ample evidence to support the determination that petitioner violated a condition of his parole, the petition must be dismissed.

Weiss, P. J., Yesawich Jr. and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, matter converted to a proceeding pursuant to CPLR article 78 and petition dismissed.