■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN DERBY, Appellant, v MELVIN WILLIAMS, as Superintendent of Wyoming Correctional Facility, et al., Respondents. [614 NYS2d 848] —Judgment unanimously affirmed. Memorandum: Supreme Court properly dismissed the petition seeking habeas corpus relief. At petitioner's final parole revocation hearing, the Division of Parole proved by a preponderance of the evidence that petitioner violated three conditions of his parole by his constructive possession of a revolver *(see,* Executive Law § 259-i [3] [f] [viii]; *People ex rel. Gillispie v Warden,* 191 AD2d 161, 162; *People ex rel. Walker v Hammock,* 78 AD2d 369, 372)* and by his possession of a knife *(see,* Penal Law § 265.01 [1]; § 265.15 [4]; *cf., People ex rel. Pena v New York State Div. of Parole,* 83 AD2d 887). Furthermore, the court properly concluded that petitioner is not entitled to relief from the determination of the Board of Parole that petitioner be returned and held until his maximum expiration date.

There is no merit to petitioner's contention that the Hearing Officer improperly admitted the revolver and knife into evidence at the final parole revocation hearing. In a criminal action based upon the same conduct that was the subject of the parole revocation proceeding, petitioner moved to suppress the revolver and knife on the ground that they were the fruits of an illegal search and seizure. After a hearing, his suppression motion was denied. Thus, contrary to petitioner's contention, the exclusionary rule is not implicated *(cf., People ex rel. Piccarillo v New York State Bd. of Parole,* 48 NY2d 76; *see generally, Matter of Boyd v Constantine,* 81 NY2d 189). Finally, the Hearing Officer was entitled to credit the testimony of the police officers and to reject petitioner's version of the incident *(see, Matter of Foster v Coughlin,* 76 NY2d 964, 966; *People ex rel. Vega v Smith,* 66 NY2d 130, 140). (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—Habeas Corpus.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.