■ In the Matter of VINCENT McWHINNEY, Appellant, v RAUL RUSSI, as Chairman of the New York State Division of Parole, Respondent. [645 NYS2d 555] —Spain, J.

On August 29, 1990, petitioner was paroled after serving a portion of the $8^1/_3$ to 25-year sentence imposed upon his 1982 conviction for manslaughter in the first degree. On January 3, 1993 petitioner was arrested and charged with assault in the second degree, resisting arrest and criminal possession of a weapon in the third degree. On January 21, 1993, the State Division of Parole charged petitioner with several charges of parole violation, including possession of a firearm without written permission, assault of a police officer while being arrested, resisting arrest and possession of a 9mm Ruger handgun. On

February 2, 1993, the Grand Jury failed to return an indictment against petitioner. The next day, a preliminary determination was made to revoke petitioner's parole. Following a parole revocation hearing, the previously mentioned charges against petitioner were sustained and, ultimately, a final determination of revocation was issued. Petitioner's administrative appeal was denied and he thereafter initiated this CPLR article 78 proceeding to challenge the determination. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Initially, we reject petitioner's contention that the doctrines of res judicata and/or collateral estoppel barred the revocation of his parole because his indictment on the underlying criminal charges resulted in a "no bill" by the Grand Jury. Supreme Court correctly held that the dismissal of charges by a Grand Jury does not preclude a subsequent parole revocation based on the same facts (*see, e.g., People ex rel. Pickett v Ruffo*, 96 AD2d 128).

As for petitioner's apparent contention that the record lacks substantial evidence to support the determination that the sustained violation charges were "supported by a preponderance of the evidence adduced [at the hearing]" (Executive Law § 259-i [3] [f] [viii]), we note that this issue was not raised in the petition or considered by Supreme Court. However, even if this issue was properly before us, we would not be persuaded. Given the testimony of the two police officers who pursued and arrested petitioner, we cannot say that determinations concerning the charges alleging assault and resisting arrest lacked a rational basis. Further, the property inventory report demonstrated that petitioner was in possession of a handgun at the time of his arrest and, despite petitioner's contention otherwise, proof that a weapon was operable is not always required for a parole violation to be found (*see, e.g., People ex rel. Branch v Barnes*, 199 AD2d 726).

White, J. P., Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.