■ In the Matter of DIREK DANTZLER, Petitioner, v BRION TRAVIS, as Chairman of the New York State Division of Parole, Respondent. [673 NYS2d 221] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Division of Parole which, *inter alia*, revoked petitioner's parole.

Upon his conviction in 1991 of the crime of criminal possession of a controlled substance in the second degree, petitioner was sentenced to a three-year to life term of imprisonment. He then successfully completed the shock incarceration program and was released on parole on January 27, 1992. In October 1993, petitioner was arrested on various sex charges, including forcible rape, involving a 15-year-old girl. Shortly thereafter, he was served with a notice of violation alleging nine violations of the conditions of his parole which essentially mirrored the criminal charges. Ultimately, after a jury acquitted petitioner of the charges against him, the final parole revocation hearing was conducted. At its conclusion the Administrative Law Judge (hereinafter ALJ) sustained seven charges and recommended that petitioner be held for 60 months. On review, a Commissioner of the Board of Parole modified the ALJ's recommendation by increasing the hold to 90 months. An appellate panel of the Board affirmed the Commissioner's determination, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. Petitioner's acquittal of the criminal charges did

not collaterally estop respondent from proceeding with the final revocation hearing (*see, People ex rel. Matthews v New York State Div. of Parole*, 58 NY2d 196, 202; *Matter of McWhinney v Russi*, 228 AD2d 980, 981). It is now settled that the Double Jeopardy Clause protects only against the imposition in successive proceedings of multiple criminal punishments for the same offense (*see, Hudson v United States*, 522 US 93, 99; *People v Vasquez*, 89 NY2d 521, 527, *cert denied sub nom. Cordero v Lalor*, 522 US 846). Accordingly, its protections are not available to petitioner since a parole revocation hearing is an administrative proceeding to determine whether a parolee has violated the conditions of parole and does not result in additional punishment; instead, if the charges are sustained, parole may be revoked and the parolee reincarcerated for a period that cannot exceed the maximum date of expiration of the original sentence (*see*, Executive Law § 259-i [3] [f] [x]; *see also, People ex rel. Maggio v Casscles*, 28 NY2d 415, 418). Lastly, in light of the serious and egregious nature of the parole violations, we find that the penalty imposed was not excessive (*see, Matter of Velez v New York State Div. of Parole*, 246 AD2d 833).

Cardona, P. J., Mikoll, Crew III and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.