*832 OPINION OF THE COURT
David D. Egan, J.
A habeas corpus proceeding was held on October 15, 1999 to determine if petitioner’s detention was illegal. Petitioner has been in the custody of Monroe County Sheriff, Andrew P. Meloni, and Herbert Sweeny, Division of Parole Executive Department, and is being held at the Monroe County Jail based upon a parole detainer warrant lodged by the New York State Board of Parole on June 8, 1999. Petitioner contends that the action of the Parole Board in revoking his parole on the grounds that petitioner violated certain conditions of his release was not supported by a preponderance of the evidence and was in violation of his constitutional rights.
The writ of habeas corpus is the appropriate method to determine whether a parole revocation was lawfully effected, where the sole basis for petitioner’s continued incarceration is the Parole Board’s determination. (People ex rel. Menechino v Warden, 27 NY2d 376, 379 [1971]; Zientek v Herbert, 199 AD2d 1075 [4th Dept 1993].) A court, when reviewing a determination by the Parole Board to revoke parole, may only “ ‘examine the record to determine if the required procedural rules were followed and if there is any evidence which, if believed, would support the Parole Board’s determination, but the court may not make its own determinations based on its assessment of the credibility of the witnesses’ ” (Zientek v Herbert, supra, at 1076, quoting People ex rel. Walker v Hammock, 78 AD2d 369, 371 [4th Dept 1981]).
After a revocation hearing, the Board of Parole found that petitioner had violated conditions of release, rules 6 and 13a in an important respect.[1] Rule 6 provides that petitioner would notify his parole officer immediately “any time [he came] in contact with or [was] arrested by any law enforcement agency.” The following is the undisputed evidence adduced at the hearing. Petitioner made several attempts to contact his parole officer from the jail after his arrest, but the phone was blocked preventing the placement of long distance calls. It was not until three days after his arrest that he was permitted to make the call to the parole officer in Syracuse. In the interim, he wrote to his parole officer concerning his arrest. The Administrative Law Judge, however, concluded that the petitioner *833 should have contacted a family member or friend in the Monroe County area and had that person contact his parole officer in Syracuse, New York (Onondaga County).
This court finds that the telephone policies the police authorities employed created an obstacle to petitioner’s compliance with the rule 6 conditions of his parole. Thus, petitioner’s failure to immediately contact his parole officer does not constitute an adequate independent ground for revocation. To rule otherwise would be to ignore the statutory requirement of Executive Law § 259-i (3) (c) (iv) that a violation of a condition of parole must be “in an important respect” to justify revocation. (Cf., People ex rel. Davis v New York State Div. of Parole, 149 Misc 2d 741 [1991].)
Petitioner admitted that he violated rule 13a governing his parole. He proffered an explanation for this violation. As a special condition of his parole, rule 13a, petitioner was not to leave Onondaga County without obtaining the permission of his parole officer. Petitioner left Onondaga County to travel to Monroe County to be with his six-year-old sister, who he had learned had a seizure and was taken to the hospital. Petitioner testified he tried in vain to call his parole officer on that Sunday evening at around 10:30 p.m. Without permission, he left for Rochester.
Petitioner testified that his former parole officer told him that he need contact the officer when he wanted to travel to see his family in Monroe County; no travel pass would be required.[2] The evidence did show that on at least one previous occasion petitioner had traveled to Monroe County without a travel pass after obtaining permission. When his new supervising parole officer took over the case he did not address the procedure for travel with petitioner. Petitioner testified that his new parole officer told him that “he was going to do things the way [his former parole] officer had started out to do things.”
The parole officer testified he would utilize travel passes for petitioner’s travel requests, but also conceded he might have allowed petitioner to travel to Monroe County without a travel pass in view of the medical emergency in petitioner’s family had he been reached by phone. The parole officer, however, was not available by phone except during business hours. Since March 1999 petitioner otherwise had a satisfactory parole record; he had obtained employment, met reporting requirements and was in compliance with the other conditions of his release.
*834 This court finds that as to rule 13a the Division of Parole sustained its burden of proving guilt by a preponderance of the evidence. (Executive Law § 259-i [3] [f] [viii]; 9 NYCRR 8005.20.) However, such violation under the unique facts presented here was not a violation of rule 13a in an “important respect.”
Accordingly, the decision of the Parole Board is reversed and petitioner restored to parole.

. Petitioner was also charged with a violation of rule 8, but since no evidence was presented on that charge at his revocation hearing, it was dismissed.

. Hearsay evidence is admissible in a parole revocation proceeding. (9 NYCRR 8005.2 [a].)