■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. KAMINSKI, Appellant. [728 NYS2d 213] —Mugglin, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 12, 2000, convicting defendant upon his plea of guilty of the crimes of forgery in the second degree (two counts) and criminal possession of a forged instrument in the second degree (six counts).

In July 1999, a Broome County Grand Jury indicted defendant for two counts of forgery in the second degree and 10 counts of criminal possession of a forged instrument in the second degree. The charges stemmed from his alleged creation and possession of the following identification cards bearing his name and/or his picture: New York State Office of the Inspector General, New York State Division of Criminal Justice Services, New York State Police Investigator, New York City Police Detective, Federal Bureau of Investigation (hereinafter FBI) and United States Marshal. In October 1999, based upon his plea of guilty in United States District Court for the Northern District of New York, defendant was convicted of producing false identification documents, possessing false identification documents, forging the signature of a Federal Magistrate, and manufacturing and possessing false badges, identification cards and insignia. These convictions were based upon his creation and possession of the Federal badges, i.e., FBI and United States Marshal identifications.

In February 2000, pursuant to a plea bargain, the People moved to dismiss counts 5, 6, 7 and 8 (which alleged possession of FBI and United States Marshal identification cards), which County Court granted. Defendant then pleaded guilty to the remaining counts of the indictment, all of which involved the creation and/or possession of the State or City identification cards, and he was sentenced as a second felony offender to an indeterminate term of imprisonment of 2 to 4 years, to run concurrently with a Federal sentence of 21 months' imprisonment and three years of supervised release. Defendant appeals, contending that because the State and Federal charges arose from the same criminal transaction, the State prosecution was barred by double jeopardy principles. He also claims that his guilty plea was not properly entered, he was denied the effective assistance of counsel and the sentence imposed was harsh and excessive.

We affirm. Double jeopardy operates to preclude multiple prosecutions and punishments for the same offense (*see, People v Vasquez*, 89 NY2d 521; *Matter of Dantzler v Travis*, 249 AD2d 841, 842, *lv denied* 92 NY2d 810). As defendant does not dispute that the dismissed counts of the indictment were in fact the charges to which he pleaded guilty in Federal court, the principles of double jeopardy are not implicated by the State prosecution. Possession of each individual badge is a separate and distinct offense which may be prosecuted. Separate prosecutions in different courts for separate offenses are not barred by double jeopardy. Clearly, possession of the Federal identification cards is separate and distinct from possession of the State identification cards.

Next, defendant's contention that his guilty plea was not properly entered because he did not personally recite the facts underlying the crimes to which he pleaded, has not been preserved for review, as he neither moved to withdraw his plea under CPL 220.60 (3) nor sought an order vacating his judgment of conviction under CPL 440.10 (*see, People v Lopez*, 71 NY2d 662, 665). Except in the limited circumstance where the allocution creates doubt as to defendant's guilt or calls into question the voluntariness of his plea (*see, id.*, at 666), circumstances not present in this record, defendant must first so move. Here, his challenge is solely to the sufficiency of the allocution (*see, People v Vonderchek*, 245 AD2d 979, *lv denied* 91 NY2d 945). Moreover, there is no evidence in the record suggesting that the plea was improvident or baseless (*see, People v Maye*, 129 AD2d 204, 205).

Next, having found no merit to the claim of double jeopardy,

we also find without merit defendant's contention that he was denied the effective assistance of counsel by trial counsel's failure to raise the issue of double jeopardy. Based upon the totality of the circumstances, we believe that the record reveals that his attorney provided meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147).

Finally, defendant's contention that his State sentence was unduly harsh and excessive is unpersuasive, particularly in view of the fact that he received the most lenient sentence permitted as a second felony offender. The record reveals no abuse of discretion or extraordinary circumstances which would warrant a modification of the sentence even if that were possible (*see, People v Peters*, 277 AD2d 512, 514).

Cardona, P. J., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.